Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

WEST SHORE HOME, LLC and WEST
SHORE HOME HOLDINGS, LLC

*Plaintiffs,*

v.

CRAIG CHAPPELL,

*Defendant.*

IN THE COURT OF COMMON PLEAS OF
CUMBERLAND COUNTY,
PENNSYLVANIA

Civ. No. _____

## **NOTICE TO PLEAD**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Verified Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Verified Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Cumberland County Bar Association's Find a Lawyer
32 South Bedford Street
Carlisle, PA 17013
(717) 249-3166 Ext. 105

# EXHIBIT A1

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

By: _Thomas G. Collins_
Thomas G. Collins (I.D. #75896)
Sara E. Myirski (I.D. #321113)
Cheri A. Sparacino (I.D. #325868)
**BUCHANAN INGERSOLL & ROONEY PC**
409 North Second Street, Suite 500
Harrisburg, PA 17101
Tel:     (717) 237-4800
thomas.collins@bipc.com
sara.myirski@bipc.com
cheri.sparacino@bipc.com

*Counsel for Plaintiffs*

Dated:  January 20, 2022

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

BUCHANAN INGERSOLL & ROONEY PC
Thomas G. Collins (I.D. #75896)
Sara E. Myirski (I.D. #321113)
Cheri A. Sparacino (I.D. #325868)
409 North Second Street, Suite 500
Harrisburg, PA 17101
Tel: (717) 237-4800
thomas.collins@bipc.com
sara.myirski@bipc.com
cheri.sparacino@bipc.com

*Counsel for Plaintiffs*

| | |
|---|---|
| WEST SHORE HOME, LLC and WEST SHORE HOME HOLDINGS, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG CHAPPELL,<br><br>*Defendant.* | IN THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY, PENNSYLVANIA<br><br>Civ. No. _____ |

## **COMPLAINT**

Plaintiffs West Shore Home, LLC and West Shore Home Holdings, LLC, by and through their counsel, Buchanan Ingersoll & Rooney PC, hereby file this Complaint against Defendant Craig Chappell, and, in support thereof, aver as follows:

**I.    Parties**

1.      Plaintiff West Shore Home, LLC ("West Shore") is a Pennsylvania limited liability company with its principal place of business located at 3 Crossgate Drive, Mechanicsburg, Pennsylvania 17050.

2.      Plaintiff West Shore Home Holdings, LLC ("WSH Holdings") is a Delaware limited liability company with its principal place of business located at 3 Crossgate Drive, Mechanicsburg, Pennsylvania 17050. West Shore is a wholly-owned subsidiary of WSH Holdings

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(WSH Holdings and West Shore, collectively "WSH" or "Plaintiffs").

3.     Defendant Craig Chappell ("Defendant") is an adult individual and has a last known address of 1122 Gunstock Lane, Mechanicsburg, Pennsylvania 17050.

## II.   <u>Jurisdiction and Venue</u>

4.     Jurisdiction and venue are proper in this Court because West Shore and Defendant have agreed, pursuant to Defendant's Employment Agreement (defined below), for jurisdiction and venue for any dispute or claim arising under the agreement in the courts of Pennsylvania; and, further, because Defendant resides in and may be served in Cumberland County and because the cause of action arose in Cumberland County.

## III.   <u>Factual Background</u>

5.     West Shore is a leader in the home remodeling business, with multiple locations throughout the Mid-Atlantic, Rocky Mountain, Southeast, and Southwest regions of the United States, with its headquarters in Mechanicsburg, Pennsylvania.

6.     West Shore employs approximately 1,900 employees across 15 states.

7.     West Shore sells wet area bathroom remodeling services and window and door replacement services in interstate commerce for customers.

8.     West Shore is highly respected for its integrity, innovation, and high-quality workmanship and products, and for providing customers with a fast and convenient home remodeling experience.

9.     West Shore has invested significant time and money to develop and build customer relationships in the regions where it does business.

10.    West Shore has a legitimate and important business interest in protecting its goodwill and customer relationships from exploitation by former employees who leave West Shore

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

and attempt to compete unfairly against West Shore.

11. Indeed, West Shore's goodwill and customer relationships are among its most valuable assets.

12. West Shore further has a legitimate and important business interest in its specialized training provided to key personnel that is unique to West Shore and which enables such personnel—and through them, West Shore—a competitive advantage.

13. West Shore also has a legitimate and important business interest in its Confidential Information and Trade Secrets, as more fully set forth below.

### A. *Defendant's Employment at West Shore*

14. On or about December 3, 2018, Defendant was hired as the Media Manager for West Shore.

15. Prior to his employment with West Shore, Defendant worked in the fields of media sales and marketing, but had no specialized knowledge of or experience in the home remodeling industry.

16. On or about August 4, 2020, as a specific condition of, and in consideration for, continued employment with West Shore and a $5,000.00 bonus, Defendant executed an Employment Agreement. A true and correct copy of the Employment Agreement is attached hereto as **Exhibit A**.

17. As part of the Employment Agreement, Defendant agreed to be bound by noncompetition, nonsolicitation, and nondisclosure provisions.

18. First, in Section 5(a) of the Employment Agreement, Defendant agreed that, during his employment, and for a period of 24 months after his employment with West Shore ended, Defendant would not work for any business, in any capacity, that competes with West Shore within

250 miles of any of West Shore's locations. The pertinent section of his Employment Agreement states:

> During the period of [Defendant's] employment by [West Shore] and for a period of 24 months thereafter (the "Restricted Period"), [Defendant] will not (except on behalf of [West Shore] or its affiliates (including its subsidiaries)), directly or indirectly, in any capacity, be employed by, or participate in (as an owner, shareholder, director, general or limited partner, officer, manager, consultant or agent, or otherwise) any business, firm, corporation, partnership, or other entity which competes with [West Shore] or its affiliates (a "Competitive Business") within two hundred fifty (250) miles of any of [West Shore's] locations as of the date of this Agreement, as well as those added during the term hereof.

Ex. A § 5(a).

19. Defendant agreed that he would be bound by the noncompetition restriction in Section 5(a) if West Shore terminated his employment for "Cause". *Id.*; *see also id.* (defining "Cause").

20. Second, Defendant agreed that, during the Restricted Period, he would not solicit West Shore's employees. The Employment Agreement provides:

> [Defendant] agrees that during the Restricted Period, [Defendant] will not (except on behalf of [West Shore] or its affiliates), directly or indirectly, in any capacity induce or solicit or attempt to induce or solicit, any employee, sales representative, consultant or other agent of [West Shore] or its affiliates to terminate his, her or its relationship or breach any agreement with [West Shore] or its affiliates (or in any way interfere with the relationship between [West Shore] or its affiliates and such person) or hire or otherwise engage such employee, sales representative, consultant or other agent.

Ex. A § 5(c).

21. Defendant also agreed that, during the Restricted Period, he would not contact or solicit any customer of West Shore for the purpose of providing, nor would he provide any such customers with, products or services that compete with those offered by West Shore; and he would

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

not interfere with the relationship between West Shore and any customer, supplier, vendor, or other business relation. Ex. A § 5(b)(i)-(iv), § 5(d).

22.     Third, Defendant acknowledged that he would be provided access to and entrusted with West Shore's confidential information and agreed not to disclose such information.  Section 6 of the Employment Agreement states:

> [Defendant] acknowledges and agrees that the Customers, business connections, customer lists, ***vendors and terms of vendor agreements***, customer usage and requirements, ***marketing and lead generation practices and strategies***, pricing formulas and methodologies, order quotes and write-up notes, customer and vendor files, procedures, processes, technology, operations, techniques, business targets, business partners, financial and accounting books and records and other aspects of and information about the business of [West Shore] and its affiliates (the "Confidential Information") are and/or were established at great expense and protected as confidential information and provide [West Shore] and its affiliates with a substantial competitive advantage in conducting their business.  [Defendant] further acknowledges and agrees that by virtue of his employment with [West Shore], he will have access to, and has been entrusted with and will be entrusted with, Confidential Information, and that [West Shore] and its affiliates would suffer great loss and injury if [Defendant] would disclose this information or use it in a manner not specifically authorized by [West Shore]. Therefore, [Defendant] agrees that during the period in which [Defendant] is employed by [West Shore] and for three (3) years thereafter, he will not, directly or indirectly, either individually or as an employee, agent, partner, shareholder, owner, trustee, beneficiary, member, manager, co-venturer, distributor, consultant or in any other capacity, use or disclose or cause to be used or disclosed any Confidential Information . . . .

Ex. A § 6(a) (emphasis added).

23.     Fourth, pursuant to the Inventions and Patents section of Defendant's Employment Agreement, Defendant acknowledged:

> that all inventions, innovations, improvements, developments, methods, designs, analyses, drawings, reports and all similar or related information (whether or not patentable) which relate to

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

[West Shore]'s actual or anticipated business, research and development or existing or future products or services and which are conceived, developed or made by [Defendant] while employed by [West Shore] ("Work Product") belong to [West Shore].

Ex. A § 6(b).

24.     Defendant expressly agreed that the foregoing "restrictive covenants are reasonable and necessary for the protection of the business, trade secrets and Confidential Information of [West Shore] and its affiliates and to prevent great damage or loss to [West Shore] and its affiliates as a result of action taken by [Defendant]." Ex. A § 5.

25.     The Employment Agreement provides further that the duties of Defendant under Sections 5 and 6 survive the termination of the Employment Agreement. Ex. A § 4(b).

26.     On or about January 11, 2021, Defendant was promoted to Director of Media. In this high-ranking position, Defendant reported to West Shore's Chief Marketing Officer and he was responsible for, among other things: running the Media Department; prospecting strategic marketing opportunities that would improve West Shore's ability to scale regionally and nationwide; managing strategic marketing relationships; negotiating media buys; developing and maintaining all systems for planning, executing and tracking performance for media strategies; training and developing Media Buyers to manage a monthly budget and generate new marketing relationships; supporting Media Buyers with media negotiations; overseeing data feedback meetings with marketing partners; ensuring the proper training and development of all Media Coordinators; and developing and maintaining West Shore's direct mail and television strategy.

27.     Defendant was, after the Chief Marketing Officer, the next highest-paid employee in West Shore's Marketing Department, and was viewed by the Chief Marketing Officer as the person who was "next in line" to run the department.

28.     Upon beginning work as Media Manager, and throughout his tenure with West

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Shore as the Director of Media, Defendant received specialized and extensive knowledge and on-the-job training as to West Shore's unique marketing and lead generation methods, and on how West Shore tracks marketing performance and utilizes millions of dollars worth of data to build its unique marketing mix.

29.     West Shore's unique marketing and lead generation methods and strategies, as well as its proprietary tracking and modeling tool, have been developed and established over the course of several years.

30.     The data that Defendant was charged with generating and entering into West Shore's proprietary tracking and modeling tool to determine West Shore's marketing strategies and real time optimization decisions, was generated at a cost to West Shore in at least the tens of millions of dollars.

31.     In addition to his media responsibilities, during his employment with West Shore, Defendant had access to performance measurement data from other marketing channels not under his direct supervision, including creative performance, digital marketing performance, and marketing partner performance.

32.     The purpose of this knowledge and training was to provide Defendant with the skills needed to become an expert in this field and to provide West Shore with a competitive advantage in the home remodeling industry.

33.     In order to perform his duties as an employee of West Shore (as Media Manager and, following his promotion, as Director of Media), Defendant was regularly supplied with and had access to West Shore's Confidential Information and Trade Secrets, including, without limitation: customer information; employee information; identities and contact information for marketing partners; demographic profiles; pricing and negotiated deals with marketing partners;

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

current and historic performance records for every marketing channel West Shore utilizes; performance of promotional offers, including discounts, finance plans, effectiveness of marketing language, style of the creative, format length, and placement; creative testing strategy and results used to drive marketing plan adjustments; West Shore's selling system; call center processes, scripts, and key performance indicators; and corporate strategic and performance information at the branch and corporate level.

34. The foregoing Confidential Information and Trade Secrets are related to West Shore's home remodeling products and services that are used in, or intended for use in, interstate commerce.

35. Furthermore, during and by virtue of his employment with West Shore, Defendant, on behalf of West Shore, had wide-ranging contact and developed strong relationships with West Shore's marketing partners, vendors, licensors, dealer networks, and other business relations in the home remodeling industry.

36. Defendant also participated in developing West Shore's internal training program on media buying, which provides employees in West Shore's media/marketing department with an advantage over its competitors.

37. As a result of being in this highly-specialized, competitively-important, and high-ranking position, Defendant was given the opportunity to participate in a management incentive plan that is available to only 3% of West Shore's employees, referred to as the Phantom Incentive Equity Plan.

38. WSH Holdings maintains the Phantom Incentive Equity Plan pursuant to which it grants Phantom Units as incentive compensation to certain employees of West Shore.

39. On or about January 14, 2021, Defendant executed a letter agreement titled "Grant

of Phantom Units" (hereinafter, the "Phantom Unit Agreement"). A true and correct copy of the

Phantom Unit Agreement is attached hereto as **Exhibit B**.[1] The Phantom Unit Agreement

provided Defendant with the opportunity for significant incentive compensation over time,

contingent upon West Shore's performance over time as outlined more fully in the West Shore

Home Holdings, LLC 2021 Phantom Incentive Equity Plan (hereinafter, the "Phantom Incentive

Equity Plan", or the "Plan"). A copy of the Plan is attached hereto as **Exhibit C**.[2]

    40. More specifically, WSH Holdings granted Defendant 128.00 time vesting Phantom

Units and 128.00 performance vesting Phantom Units (collectively, "Phantom Units"). *See* Ex. B.

    41. Defendant, in turn, agreed to certain post-employment restrictions. As set forth in

Exhibit A to the Phantom Unit Agreement, Defendant agreed to the following Non-Solicitation

clause:

> During the period of your employment or other service relationship
> and for the 24-month period following the termination of your
> employment or other service relationship with [West Shore] (the
> "Restricted Period"), you agree that you shall not, directly or
> indirectly, recruit or otherwise solicit or induce any employee,
> customer, subscriber or supplier of [West Shore] to (a) terminate his,
> her or its employment or arrangement with the Company, or (b) to
> otherwise change his, her or its relationship with [West Shore]. You
> shall not, at any time during the Restricted Period, directly or
> indirectly, either for you or for any other Person, (i) solicit any
> employee of [West Shore] to terminate his or her employment with
> [West Shore], (ii) employ any such individual during his or her
> employment with the [West Shore] and for a period of six (6)

---

[1] By its terms, the Phantom Unit Agreement expressly includes West Shore Home, LLC as an intended third party beneficiary of the Phantom Unit Agreement, as one of WSH Holdings' subsidiaries. To be clear, the Phantom Unit Agreement, containing the restrictive covenants to which Defendant is bound, defines the term "Company" as including WSH Holdings and "any and all of its parents, subsidiaries, joint ventures and affiliated entities as the same may exist from time to time." Ex. B at Ex. A § 7.

[2] The terms of both the Phantom Unit Agreement and Phantom Incentive Equity Plan are confidential and proprietary in nature. Copies of both documents are within the possession of Defendant. Concurrent with the filing of this Verified Complaint, however, West Shore is seeking leave to file the same under seal. West Shore's reference to limited excerpts from such documents in the Verified Complaint should not be construed as any waiver of West Shore's position that the Phantom Unit Agreement and Phantom Incentive Equity Plan are confidential and proprietary in nature.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

months after such individual terminates his or her employment with [West Shore] … or (iii) solicit any vendor or business affiliate of [West Shore] to cease to do business with [West Shore].

Ex. B at Ex. A § 1.

    42.    Defendant also separately agreed to the following Non-Competition clause set forth in the Phantom Unit Agreement:

> During the Restricted Period,[3] you agree that you shall not, directly or indirectly, engage in, have any equity interest in or manage, provide services to or operate any person, firm, corporation, partnership or business (whether as director, officer, employee, agent, representative, partner, security holder, consultant or otherwise) that engages in any business which competes in any material respect with any portion of the Business (as defined below) of [West Shore] anywhere in the world. Nothing herein shall prohibit you from being a passive owner of not more than two percent (2%) of the outstanding equity interest in any entity that is publicly traded, so long as you have no active participation in the business of such entity. As used in this Section 2, the term "Business" shall mean the current business of [West Shore], as such business may be expanded or altered by [West Shore] during the Restricted Period.

Ex. B at Ex. A § 2.

    43.    Pursuant to the Phantom Unit Agreement, Defendant further separately agreed to protect West Shore's proprietary information. The Phantom Unit Agreement states:

> You agree that you shall not use for your own purpose or for the benefit of any person or entity other than [West Shore] or its partners or affiliates, nor shall you otherwise disclose to any individual or entity at any time while you are employed by [West Shore] or thereafter any Proprietary Information of [West Shore] unless such disclosure (a) has been authorized by the Board; (b) is reasonably required within the course and scope of your employment with [West Shore]; or (c) is required by law, a court of competent jurisdiction or a governmental or regulatory agency.

Ex. B at Ex. A § 3.

---

[3] The "Restricted Period" is defined as "the 24-month period following the termination of your employment or other service relationship with the Company." Ex. B at Ex. A § 1.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

44.     As set forth in the Phantom Unit Agreement, Defendant agreed to the following provisions regarding West Shore's inventions and patents:

> You agree that all inventions, innovations, trade secrets, patents and processes in any way relating, directly or indirectly, to the [West Shore's] business developed by you alone or in conjunction with others at any time during your employment by [West Shore] ("Inventions") shall belong to [West Shore].

Ex. B at Ex. A § 5.

45.     The Phantom Unit Agreement provides for certain remedies in the event of a breach. Specifically, the Phantom Unit Agreement states:

> You stipulate that the covenants contained herein are essential for the protection of the trade secrets, confidential business and technological information, customer relationships, and competitive position of [West Shore]; that *a breach of any covenant contained herein would cause [West Shore] irreparable damage for which damages at law would not be an adequate remedy*; and that, *in addition to damages and other remedies to which [West Shore] would otherwise be entitled, it will be entitled to whatever injunctive relief is appropriate for any such breach. The parties hereto agree that the duration, area and scope for which the covenants set forth in this Exhibit A are to be effective are reasonable.* In addition to such other rights and remedies as [West Shore] may have at equity or in law with respect to any breach of this Exhibit A, if you commit a material breach of any of the provisions of this Exhibit A, *[West Shore] shall have the right and remedy to have such provisions specifically enforced by any court having equity jurisdiction.* The term(s) of any covenant(s) in this Exhibit A will not run during any time in which you are in violation of said covenant(s). Notwithstanding the foregoing, if a restriction or any portion thereof contained in this Exhibit A is deemed to be unreasonable by a court of competent jurisdiction, *you and [West Shore] agree that such restriction or portion thereof shall be modified in order to make it reasonable and shall be enforceable accordingly. The covenants in this Exhibit A shall survive the termination of the Agreement and your termination of employment.*

Ex. B at Ex. A § 8 (emphasis added).

46.     The restrictive covenants within the Phantom Unit Agreement survive the

termination of the Phantom Unit Agreement and Defendant's termination of employment with West Shore. *Id.*

47.     On or about October 6, 2021, Defendant's employment was terminated by West Shore for "Cause" within the meaning of Section 5(a) of the Employment Agreement. More specifically, Defendant was terminated as a result of an internal investigation regarding Defendant's unprofessional behavior, inappropriate conduct, retaliatory conduct, reported breaches of confidentiality, and core values violations.

**B.     *WSH Learn of Defendant's Post-Termination of Employment Activities in Violation of his Agreements with Plaintiffs***

48.     On or about October 14, 2021, Defendant, through his counsel, Larry Weisberg, Esq., contacted Plaintiffs' in-house counsel with questions regarding Defendant's Employment Agreement. A true and correct copy of the email thread between David Mulrine, Employment Counsel, and Larry Weisberg is attached hereto as **Exhibit D**.

49.     On or about October 25, 2021, David Mulrine, Plaintiffs' Employment Counsel, emailed Mr. Weisberg regarding Defendant's Employment Agreement, stating: "The restrictive covenants by which [Defendant] is bound are limited to a small segment of the home improvement sector: windows, doors, and baths. [Defendant] should have plenty of opportunities available to him, even if he wants to stay within the construction industry, to engage in media buying services without violating his obligations to West Shore (*e.g.*, siding, roofing, sunrooms, kitchens, new construction, HVAC, etc.)." *Id.*

50.     In this same email, Mr. Mulrine also requested written confirmation that Defendant had returned and/or destroyed all of West Shore's confidential information and had nothing in his possession. *Id.*

51.     On October 29, 2021, Mr. Weisberg responded that Defendant was not in

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

possession of any confidential information of West Shore. *Id.*

52.     Following the termination of his employment with West Shore, in mid-January 2022, WSH learned that Defendant started his own business which, upon information and belief, is called Optimized Lead Generation ("OLG").

53.     Defendant, either directly or through OLG, provides media buying, marketing, and advertising services to other home remodeling companies that are competitors of West Shore. Thus, Defendant is providing services that are similar to, if not the same as, the services he performed for West Shore as Media Manager and Director of Media.

54.     Significantly, on his LinkedIn page, Defendant specifically references his employment at West Shore–including the "proven process" and "NO RISK" strategy for marketing that he helped to develop as an employee of, and on behalf of, West Shore and the elements of West Shore's recipe for marketing success to which Defendant had access solely by virtue of his employment with West Shore–and holds himself out as able to provide similar processes and strategies to other home remodeling companies. A true and correct copy of screenshots from Defendant's LinkedIn page is attached hereto as **Exhibit E**.

55.     Upon information and belief, shortly after his employment with West Shore ended, Defendant began reaching out to contacts from industry dealer networks, *i.e.*, networks of bath, window and/or door sales companies of which West Shore is a member.

56.     Upon information and belief, Defendant reached out to two of those dealer networks, Jacuzzi and Big 12, to solicit business from West Shore's competitors.

57.     Upon information and belief, Defendant has solicited ***most, if not every company in the Big 12 network***.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

     i.     Defendant's Post-Employment Services to West Shore's Direct Competitors in its Territories Using West Shore's Confidential Information and Trade Secrets

58.     Moreover, West Shore is aware of **at least six of its competitors** for which Defendant is providing services, or has offered to do so, in direct violation of Section 5(a) of the Employment Agreement and Section 2 of Exhibit A to the Phantom Unit Agreement.

59.     WSH are aware that Defendant is offering these competitors West Shore's "proven process" and "NO RISK" strategy for marketing that he helped to develop as an employee of, and on behalf of, West Shore and the elements of West Shore's recipe for marketing success, all of which are considered West Shore's Confidential Information and Trade Secrets, in direct violation of Sections 6(a) and 6(b) of the Employment Agreement and Sections 3 and 5 of Exhibit A to the Phantom Unit Agreement.

60.     First, upon information and belief, Defendant is buying media and advertising for P.J. Fitzpatrick, LLC ("P.J. Fitzpatrick"), which is a home remodeling company that installs and replaces doors, windows, bathtubs, and showers and, therefore, is a direct competitor of West Shore.

61.     P.J. Fitzpatrick competes with West Shore within 250 miles of West Shore's locations in Pennsylvania, Maryland, and New Jersey.

62.     Second, on his Facebook page, Defendant is marketing and advertising products of Window Nation, LLC ("Window Nation"), which is also a home remodeling company that installs and replaces doors and windows and, therefore, is a direct competitor of West Shore. A true and correct copy of screenshots from Defendant's Facebook page are attached hereto as **Exhibit F**.

63.     Window Nation competes with West Shore within 250 miles of West Shore's locations in Pennsylvania, Indiana, Maryland, North Carolina, Texas, and Virginia.

64.     Third, in or around December 2021, Defendant assisted Love Your Bath, LLC

16

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

("Love Your Bath"), which is a bathroom remodeling company, with various elements of lead generation strategies, including customer relationship management, attribution models, and a call center and, therefore, is a direct competitor of West Shore. *See* Ex. E.

65. Love Your Bath competes with West Shore within 250 miles of West Shore's locations in Florida.

66. Fourth, Defendant contacted and offered to provide media buying, marketing, and/or advertising services to Paramount Builders, Inc. ("Paramount Builders"), which is a home remodeling company that offers windows and recently started a bathroom line or division and, therefore, is a direct competitor of West Shore.

67. Paramount Builders competes with West Shore within 250 miles of West Shore's locations in Virginia and Maryland.

68. Fifth, Defendant contacted and offered to provide media buying, marketing, and/or advertising services to Newpro Construction, LLC ("Newpro"), which is a home remodeling company that installs and replaces doors, windows, bathtubs, and showers and, therefore, is a direct competitor of West Shore.

69. Newpro competes with West Shore within 250 miles of West Shore's location in New Jersey.

70. Sixth, upon information and belief, Defendant contacted and offered to provide media buying, marketing, and/or advertising services to Florida Home Improvement Associates, Inc. ("FHIA"), which is a home remodeling company that installs and replaces doors, windows, bathtubs, and showers and, therefore, is a direct competitor of West Shore.

71. FHIA competes with West Shore within 250 miles of West Shore's locations in Florida.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

      ii.     Defendant's Post-Employment Services to Window, Door, and Bath Companies in Other Territories Using West Shore's Confidential Information and Trade Secrets

72.     Moreover, Plaintiffs are also aware that Defendant is offering to provide other home remodeling companies currently outside of West Shore's service territories, with West Shore's "proven process" and "NO RISK" strategy for marketing that he helped to develop as an employee of and on behalf of West Shore and the elements of West Shore's recipe for marketing success, all of which is West Shore's Confidential Information and Trade Secrets, in direct violation of Sections 6(a) and 6(b) of the Employment Agreement and Sections 3 and 5 of Exhibit A to the Phantom Unit Agreement.

73.     First, Defendant contacted and offered to provide media buying, marketing, and/or advertising services to Alenco, Inc. ("Alenco"), a home remodeling company that installs and replaces baths, doors and windows.

74.     Specifically, Defendant contacted Jon Erskine, Vice President of Alenco "no less than a dozen times" attempting to provide marketing services to Alenco. A true and correct copy of screenshots of text messages between Kyle Matherne, West Shore's Chief Marketing Officer, and Mr. Erskine is attached hereto as **Exhibit G**.

75.     Additionally, on October 28, 2021, Defendant contacted Mr. Erskine via text message seeking to secure Alenco's business; specifically, Defendant sought to provide lead generation services to Alenco using "several new programs" that Defendant had "perfected" since they last spoke. A true and correct copy of a screenshot of a text message sent by Defendant to Mr. Erskine is attached hereto as **Exhibit H**.

76.     WSH believe and therefore aver that Defendant is working for, or has offered to work for, other competitors of West Shore, in direct violation of Section 5(a) of the Employment Agreement and Section 2 of Exhibit A to the Phantom Unit Agreement.

18

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

77.     Moreover, WSH believe and therefore aver, that in working for direct competitors of West Shore, Defendant has used and/or disclosed to such competitors West Shore's Confidential Information and Trade Secrets to which Defendant was provided access to perform his duties as an employee of West Shore, in direct violation of Sections 6(a) and 6(b) of the Employment Agreement, Sections 3 and 5 of Exhibit A to the Phantom Unit Agreement, the Defend Trade Secrets Act of 2016, and the Pennsylvania Uniform Trade Secrets Act.

78.     Further, WSH believe and therefore aver that, given the substantial overlap between his former employment with West Shore and his current work, directly or through OLG, with other home remodeling companies, there is a sufficient likelihood or substantial threat that Defendant has used and/or disclosed, and will continue to use and/or disclose, West Shore's Confidential Information and Trade Secrets to benefit West Shore's competitors, in direct violation of Sections 6(a) and 6(b) of the Employment Agreement, Sections 3 and 5 of Exhibit A to the Phantom Unit Agreement, the Defend Trade Secrets Act of 2016, and the Pennsylvania Uniform Trade Secrets Act.

iii.    Defendant's Post-Employment Solicitations to West Shore's Lead Providers Using West Shore's Confidential Information and Trade Secrets for the Benefit of West Shore's Competitors

79.     In addition to the foregoing, upon information and belief, simultaneous to or after obtaining the business of multiple West Shore competitors, Defendant then solicited multiple of West Shore's lead providers to provide lead generation services for those competitors.

80.     On December 31, 2021 and January 4, 2022, Defendant contacted West Shore's largest digital lead provider, which was a relationship that Defendant managed during his employment at West Shore.

81.     Prior to his employment with West Shore, Defendant had never directly worked with or had any business relationship with this lead provider.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

82. Specifically, Plaintiffs received information that Defendant contacted this lead provider to solicit their business to provide prospective leads to four home remodeling clients that Defendant was working with.

83. Upon information and belief, the lead provider declined Defendant's solicitation, however, Defendant continued to solicit its business by inquiring whether the lead provider would work with Defendant on other projects and if it would provide Defendant with recommendations for other companies that could provide similar lead generation services in those markets, which the lead provider declined.

84. Further, Defendant has also solicited West Shore's sole direct mail marketing services provider to provide services to West Shore's competitors.

85. These marketing partners are West Shore's business connections and business partners, and the relationships and negotiated performance-based programs with each were established at great expense and are protected as confidential information of West Shore pursuant to Section 6(a) of the Employment Agreement, Sections 3 of Exhibit A to the Phantom Unit Agreement, the Defend Trade Secrets Act of 2016, and the Pennsylvania Uniform Trade Secrets Act.

86. WSH believe and therefore aver that Defendant is soliciting other suppliers and vendors of West Shore, in direct violation of Section 5(b) of the Employment Agreement and Section 1 of Exhibit A to the Phantom Unit Agreement.

iv. Defendant's Post-Employment Solicitation of West Shore's Employees

87. In addition to the foregoing, Defendant recently contacted one of West Shore's current employees, referred to hereinafter as "Employee CC". Employee CC is a digital marketing employee at West Shore and team lead for West Shore's search engine optimization ("SEO") and pay-per-click ("PPC") internet advertising. Defendant reached out to Employee CC, first via text

20

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

message and later by phone, and asked Employee CC for a "referral" for someone who does SEO and PPC and would be interested in doing "freelance" work for Defendant.

88.     Employee CC and Defendant did not have a close relationship during Defendant's employment with West Shore, and had little, if any, interaction outside of work. Accordingly, WSH believe and therefore aver that Defendant contacted Employee CC for the purpose of soliciting or attempting to solicit Employee CC or, through Employee CC, other employees of West Shore to terminate their employment with West Shore and/or to work for Defendant on the side, in direct violation of Section 5(c) of the Employment Agreement and Section 1 of Exhibit A to the Phantom Unit Agreement.

89.     Moreover, WSH believe and therefore aver that Defendant has solicited or attempted to solicit other employees of West Shore to terminate their employment with West Shore and/or to work for Defendant, in direct violation of Section 5(c) of the Employment Agreement and Section 1 of Exhibit A to the Phantom Unit Agreement.

90.     In the Employment Agreement, Defendant specifically agreed that any breach of the restrictive covenants would cause irreparable harm to West Shore and that, in the event of such a breach, West Shore shall be entitled to injunctive relief, in addition to any other remedies that may be available at law or under the Employment Agreement. Ex. A § 7(a).

91.     In the Phantom Unit Agreement, Defendant specifically agreed that any breach of the restrictive covenants would cause irreparable harm to WSH and that, in the event of such a breach, WSH shall be entitled to injunctive relief, in addition to any other remedies to which WSH would be entitled. Ex. B at Ex. A § 8.

92.     Defendant also agreed that "[t]he term(s) of any covenant(s) in this Exhibit A will not run during any time in which [Defendant is] in violation of said covenant(s)." *Id.*

21

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

93.     Defendant's actions as outlined above are specifically intended to interfere with West Shore's business and create an unlawful and unfair competitive advantage over West Shore and have resulted, and will continue to result in significant irreparable harm to West Shore.

**COUNT I**
**BREACH OF CONTRACT**
*West Shore Home, LLC v. Craig Chappell*

94.     West Shore incorporates the foregoing paragraphs as if set forth fully herein.

95.     Pursuant to PA. R. CIV. P. No. 1019 (h), (i), this Count is brought pursuant to the Employment Agreement, which is attached to this Complaint as Exhibit A.

96.     The Employment Agreement is a valid and enforceable contract under the laws of the Commonwealth of Pennsylvania and is supported by adequate consideration.

97.     Pursuant to the Employment Agreement, Defendant is prohibited, for a period of 24 months after the termination of his employment with West Shore, from directly or indirectly, in any capacity, working for any Competitive Business within 250 miles of any of West Shore's locations.  Ex. A § 5(a).

98.     Pursuant to the Employment Agreement, Defendant is prohibited, for a period of 24 months after the termination of his employment with West Shore, from directly or indirectly, inducing, soliciting, or attempting to induce or solicit any employee of West Shore to terminate his or her relationship with West Shore, or hiring or engaging such employee.  Ex. A § 5(c).

99.     Pursuant to the Employment Agreement, Defendant is also prohibited, for a period of three (3) years after his employment with West Shore ends, from using West Shore's Confidential Information or disclosing West Shore's Confidential Information to any third party. Ex. A § 6(a).

100.    Defendant agreed that the non-competition, non-solicitation, and non-disclosure

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

restrictions in the Employment Agreement are "reasonable and necessary for the protection of the business, trade secrets and Confidential Information of [West Shore] and its affiliates and to prevent great damage or loss to [West Shore] and its affiliates as a result of action taken by [Defendant]." Ex. A § 5.

101. West Shore has complied with all of its obligations under the Employment Agreement.

102. By and through his actions following the termination of his employment with West Shore, Defendant has materially breached, and is expected to continue to materially breach, the terms of the Employment Agreement.

103. By and through his conduct and actions to date, Defendant has demonstrated a complete and utter disregard for the restrictive covenants in the Employment Agreement.

104. Defendant's material breaches of the Employment Agreement have resulted, and will result, in substantial financial harm.

105. Defendant's conduct in taking his specialized training, knowledge and skills provided by West Shore and using said training, knowledge and skills on behalf of West Shore's competitors further provides such competitors with an unfair competitive advantage.

106. Defendant's conduct in misappropriating West Shore's Confidential Information and Trade Secrets has also resulted in, and will continue to result in, substantial if largely incalculable harm to West Shore.

107. In the Employment Agreement, Defendant acknowledged and agreed that any breach of the restrictive covenants would result in irreparable injury to West Shore and, as such, will entitle West Shore to injunctive relief. Ex. A § 7(a).

**WHEREFORE,** Plaintiff West Shore Home, LLC demands that judgment be entered in

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

its favor and against Defendant Craig Chappell, and further requests that the Court:

(a) Enjoin Defendant from directly or indirectly working in any capacity for P.J. Fitzpatrick, Window Nation, Love Your Bath, Paramount Builders, Newpro, FHIA, or any other competitor of West Shore within 250 miles of any of West Shore's locations, for a period of twenty-four (24) months from October 6, 2021;

(b) Enjoin Defendant from directly or indirectly inducing, soliciting, or attempting to induce or solicit any employee of West Shore to terminate his or her relationship with West Shore or hiring or engaging any such employee, for a period of twenty-four (24) months from October 6, 2021;

(c) Enjoin Defendant from using or disclosing any confidential information obtained through his employment with West Shore, for a period of three (3) years from October 6, 2021;

(d) Award compensatory damages, to the extent calculable, compensating West Shore for Defendant's breach of the Employment Agreement; and

(e) Award costs of suit and such other monetary and equitable relief as is just and proper.

<u>**COUNT II**</u>
**BREACH OF CONTRACT**
*West Shore Home, LLC and West Shore Home Holdings, LLC v. Craig Chappell*

108. WSH incorporate the foregoing paragraphs as if set forth fully herein.

109. Pursuant to PA. R. CIV. P. No. 1019 (h), (i), this Count is brought pursuant to the Phantom Unit Agreement, which is attached to this Complaint as Exhibit B.

110. The Phantom Unit Agreement is a valid and enforceable contract under the laws of the State of Delaware and is supported by adequate consideration.

111. Pursuant to the Phantom Unit Agreement, Defendant is prohibited, for a period of 24 months following the termination of his employment with West Shore, from directly or indirectly, working in any capacity for any competitor of West Shore. Ex. B at Ex. A § 2.

112. Pursuant to the Phantom Unit Agreement, Defendant is prohibited, for a period of 24 months following the termination of his employment with West Shore, from directly or indirectly, recruiting, inducing, or soliciting any employee of West Shore to terminate his or her

24

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

employment with West Shore or employing any such individual. Ex. B at Ex. A § 1.

113. Pursuant to the Phantom Unit Agreement, Defendant is also prohibited from using WSH's Proprietary Information or disclosing WSH's Proprietary Information to any third party. Ex. B at Ex. A § 3.

114. Defendant agreed that the restrictive covenants contained in the Phantom Unit Agreement are "essential for the protection of the trade secrets, confidential business and technological information, customer relationships, and competitive position of WSH," and that "the duration, area and scope for which the covenants set forth in this Exhibit A are to be effective are reasonable." Ex. B at Ex. A § 8.[4]

115. WSH have complied with all of their obligations under the Phantom Unit Agreement.

116. By and through his actions following the termination of his employment with West Shore, Defendant has materially breached, and is expected to continue to materially breach, the terms of the Phantom Unit Agreement.

117. By and through his conduct and actions to date, Defendant has demonstrated a complete and utter disregard for the restrictive covenants in the Phantom Unit Agreement.

118. Defendant's material breaches of the Phantom Unit Agreement have resulted, and will result, in substantial financial harm as well as incalculable loss of goodwill and customer relationships.

119. Defendant's conduct in taking his specialized training, knowledge and skills provided by West Shore and using said training, knowledge and skills on behalf of West Shore's

---

[4] Defendant further agreed that, in the event a court deemed the restrictive covenants to be unreasonable, such restriction or portion thereof could be modified to make it reasonable and enforceable. Ex. B at Ex. A § 8.

competitors further provides such competitors with an unfair competitive advantage.

120. Defendant's conduct in misappropriating West Shore's Proprietary Information (as such term is defined in the Phantom Unit Agreement, to include West Shore's Confidential Information and Trade Secrets referenced herein) has also resulted in, and will continue to result in, substantial if largely incalculable harm to West Shore.

121. In the Phantom Unit Agreement, Defendant agreed that any breach of the restrictive covenants would cause irreparable harm to West Shore and, as such, will entitle West Shore to injunctive relief. Ex. B at Ex. A § 8.

122. In the Phantom Unit Agreement, Defendant also agreed that the 24-month Restricted Period will not run during any time in which Defendant is in violation of such covenants. Ex. B at Ex. A § 8.

**WHEREFORE**, Plaintiffs West Shore Home Holdings, LLC and West Shore Home Holdings, LLC, demand that judgment be entered in their favor and against Defendant Craig Chappell, and further request that the Court:

(a) Enjoin Defendant from directly or indirectly working in any capacity for P.J. Fitzpatrick, Window Nation, Love Your Bath, Paramount Builders, Newpro, FHIA, or any other competitor of West Shore, for a period of twenty-four (24) months from his most recent work for a competitor;

(b) Enjoin Defendant from directly or indirectly recruiting, inducing, or soliciting any employee of West Shore to terminate his or her employment with West Shore or employing any such individual, for a period of twenty-four (24) months from the most recent solicitation of a West Shore employee;

(c) Enjoin Defendant from using or disclosing any confidential information obtained through his employment with West Shore;

(d) Award compensatory damages, to the extent calculable, compensating West Shore for Defendant's breach of the Phantom Unit Agreement; and

(e) Award costs of suit and such other monetary and equitable relief as is just and proper.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

<u>**COUNT III**</u>
**MISAPPROPRIATION OF TRADE SECRETS**
**VIOLATION OF PENNSYLVANIA UNIFORM TRADE SECRETS ACT**
*West Shore Home, LLC and West Shore Home Holdings, LLC v. Craig Chappell*

123.    WSH incorporate the foregoing paragraphs as if set forth fully herein.

124.    As set forth above, in the course of his employment with West Shore, Defendant was privy to West Shore's Confidential Information and Trade Secrets, including, but not limited to: customer information; employee information; identities and contact information for marketing partners; demographic profiles; pricing and negotiated deals with marketing partners; current and historic performance records for every marketing channel West Shore utilizes; performance of promotional offers, including discounts, finance plans, effectiveness of marketing language, style of the creative, format length, and placement; creative testing strategy and results used to drive marketing plan adjustments; West Shore's selling system; call center processes, scripts, and key performance indicators; and corporate strategic and performance information at the branch and corporate level.

125.    The Confidential Information and Trade Secrets constitutes a "trade secret" under the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S. § 5301 *et seq.* ("PUTSA"), because it is information that derives independent economic value to West Shore from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. *See* 12 Pa. C.S. § 5302.

126.    Additionally, West Shore has taken reasonable steps to maintain the secrecy of this information, and the information is not easily acquired or duplicated by others. *See id.*

127.    For instance, West Shore makes its Confidential Information and Trade Secrets available only to those employees who need to know such information in order to carry out their employment duties and who must enter a password to access such Confidential Information and

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Trade Secrets maintained electronically; utilizes non-competition, non-solicitation, and confidentiality agreements (such as Defendant's Employment Agreement and Phantom Unit Agreement) to protect this information and prevent unauthorized use and/or disclosure; prohibiting employees from downloading this information to their personal devices or forwarding this information to personal or third-party email addresses; and requires all employees (including Defendant) to review and acknowledge, on an annual basis, West Shore's Employee Handbook, which requires employees to safeguard West Shore's Confidential Information and Trade Secrets.

128.　West Shore invested substantial time, effort, and money in the acquisition and further development of these Confidential Information and Trade Secrets.

129.　West Shore's Confidential Information and Trade Secrets are unique to West Shore and would be of great value to its competitors, such as P.J. Fitzpatrick, Window Nation, Love Your Bath, Paramount Builders, Newpro, and FHIA.

130.　West Shore relies heavily on its Confidential Information and Trade Secrets for its success.

131.　Defendant had access to and became aware of the Confidential Information and Trade Secrets solely by virtue of his employment with West Shore.

132.　At no time did West Shore give Defendant permission to remove, use, or disclose the Confidential Information and Trade Secrets for his own benefit or for the benefit of any third party, such as P.J. Fitzpatrick, Window Nation, Love Your Bath, Paramount Builders, Newpro, and FHIA.

133.　To the contrary, Defendant was specifically prohibited from removing, using, or disclosing this information, as detailed in the Employment Agreement and the Phantom Unit Agreement.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

134. Upon information and belief, Defendant has misappropriated, and will continue to misappropriate, West Shore's Confidential Information and Trade Secrets by using that information to benefit himself and West Shore's competitors.

135. Moreover, West Shore reasonably believes and therefore avers that, given the substantial overlap between his former employment with West Shore and his current work, directly or through OLG, with other home remodeling companies, there is a sufficient likelihood or substantial threat that Defendant has used and/or disclosed, and will continue to use and/or disclose, West Shore's Confidential Information and Trade Secrets to benefit West Shore's competitors.

136. Defendant's misappropriation or threatened misappropriation of West Shore's Confidential Information and Trade Secrets has caused and/or will cause substantial harm to WSH by placing WSH at a competitive disadvantage and by causing WSH to lose business through unfair and improper use of its Confidential Information and Trade Secrets.

137. As a direct and proximate result of Defendant's conduct, WSH have suffered, and will continue to suffer, substantial, but largely incalculable, financial loss.

138. As a direct and proximate result of Defendant's actions, WSH are entitled to full compensatory and consequential damages. *See* 12 Pa. C.S. § 5304(a).

139. Defendant's actions have been willful and malicious.

140. Because Defendant's actions in violation of PUTSA have been willful and malicious, WSH are also entitled to an award of exemplary damages and reasonable attorneys' fees, expenses, and costs. *See id.* §§ 5304(b), 5305(3).

**WHEREFORE**, Plaintiffs West Shore Home, LLC and West Shore Home Holdings, LLC, demand that judgment be entered in their favor and against Defendant Craig Chappell, and further

29

request that the Court:

    (a)    Enjoin Defendant from using, disclosing, communicating, furnishing, divulging, or making available to P.J. Fitzpatrick, Window Nation, Love Your Bath, Paramount Builders, Newpro, FHIA, or any other third party, any of West Shore's Confidential Information and Trade Secrets;

    (b)    Enjoin Defendant from directly or indirectly working in any capacity for P.J. Fitzpatrick, Window Nation, Love Your Bath, Paramount Builders, Newpro, FHIA, and any other competitor of West Shore in which there is a sufficient likelihood or substantial threat that Defendant will use or disclose West Shore's Confidential Information and Trade Secrets;

    (c)    Compel Defendant to return to West Shore any and all Confidential Information and Trade Secrets and documents relating to West Shore's business and operations, including any and all electronically stored data;

    (d)    Award compensatory damages, to the extent calculable, proximately resulting from Defendant's misappropriation, use, and/or disclosure of West Shore's Confidential Information and Trade Secrets;

    (e)    Award exemplary damages in an amount equal to two times the amount of damages awarded in (d) for Defendant's willful and malicious misappropriation of West Shore's Confidential Information and Trade Secrets;

    (f)    Award reasonable attorneys' fees, costs, and expenses; and

    (g)    Award such other monetary and equitable relief as is just and proper.

## COUNT IV
### MISAPPROPRIATION OF TRADE SECRETS
### VIOLATION OF DEFEND TRADE SECRETS ACT OF 2016
*West Shore Home, LLC and West Shore Home Holdings, LLC v. Craig Chappell*

141.    WSH incorporate the foregoing paragraphs as if set forth fully herein.

142.    As set forth above, in the course of his employment with West Shore, Defendant was privy to West Shore's Confidential Information and Trade Secrets, including, but not limited to: customer information; employee information; identities and contact information for marketing partners; demographic profiles; pricing and negotiated deals with marketing partners; current and historic performance records for every marketing channel West Shore utilizes; performance of promotional offers, including discounts, finance plans, effectiveness of marketing language, style

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

of the creative, format length, and placement; creative testing strategy and results used to drive marketing plan adjustments; West Shore's selling system; call center processes, scripts, and key performance indicators; and corporate strategic and performance information at the branch and corporate level.

143. The Confidential Information and Trade Secrets constitutes a "trade secret" under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1831 *et seq*. ("DTSA") because it is information that derives independent economic value to WSH from not being generally known to, and not being readily ascertainable through proper means by, other persons who can obtain economic value from its disclosure or use. *See* 18 U.S.C. § 1839(3).

144. Additionally, West Shore has taken reasonable steps to keep this information secret, and the information is not easily acquired or duplicated by others. *See id.*

145. For instance, West Shore makes its Confidential Information and Trade Secrets available only to those employees who need to know such information in order to carry out their employment duties and who must enter a password to access such Confidential Information and Trade Secrets maintained electronically; utilizes non-competition, non-solicitation, and confidentiality agreements (such as Defendant's Employment Agreement and Phantom Unit Agreement) to protect this information and prevent unauthorized use and/or disclosure; prohibiting employees from downloading this information to their personal devices or forwarding this information to personal or third-party email addresses; and requires all employees (including Defendant) to review and acknowledge, on an annual basis, West Shore's Employee Handbook, which requires employees to safeguard West Shore's Confidential Information and Trade Secrets.

146. West Shore's Confidential Information and Trade Secrets are related to its products and services that are used in, or intended for use in, interstate commerce.

31

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

147. West Shore has invested substantial time, effort, and money in the acquisition and further development of these Confidential Information and Trade Secrets.

148. West Shore's Confidential Information and Trade Secrets are unique to West Shore and would be of great value to its competitors, such as P.J. Fitzpatrick, Window Nation, Love Your Bath, Paramount Builders, Newpro, and FHIA.

149. West Shore relies heavily on its Confidential Information and Trade Secrets for its success.

150. Defendant had access to and became aware of the Confidential Information and Trade Secrets solely by virtue of his employment with West Shore.

151. At no time did West Shore give Defendant permission to remove, use, or disclose the Confidential Information and Trade Secrets for his own benefit or for the benefit of any third party, such as P.J. Fitzpatrick, Window Nation, Love Your Bath, Paramount Builders, Newpro, and FHIA.

152. To the contrary, Defendant was specifically prohibited from removing, using, or disclosing this information, as detailed in the Employment Agreement and the Phantom Unit Agreement.

153. Upon information and belief, Defendant has misappropriated, and will continue to misappropriate, West Shore's Confidential Information and Trade Secrets by using that information to benefit himself and West Shore's competitors.

154. Moreover, West Shore reasonably believes and therefore avers that, given the substantial overlap between his former employment with West Shore and his current work, directly or through OLG, with other home remodeling companies, there is a sufficient likelihood or substantial threat that Defendant has used and/or disclosed, and will continue to use and/or

disclose, West Shore's Confidential Information and Trade Secrets to benefit West Shore's competitors.

155.    Defendant's misappropriation or threatened misappropriation of West Shore's Confidential Information and Trade Secrets has caused and/or will cause substantial harm to WSH by placing WSH at a competitive disadvantage and by causing WSH to lose business through unfair and improper use of its Confidential Information and Trade Secrets.

156.    As a direct and proximate result of Defendant's conduct, WSH have suffered, and will continue to suffer, substantial, but largely incalculable, financial loss.

157.    As a direct and proximate result of Defendant's actions, WSH are entitled to full compensatory and consequential damages. *See* 18 U.S.C. § 1836(b)(3)(B).

158.    Defendant's actions have been willful and malicious.

159.    Because Defendant's actions in violation of DTSA have been willful and malicious, WSH are also entitled to an award of exemplary damages and reasonable attorneys' fees. *See id.* § 1836(b)(3)(C)-(D).

**WHEREFORE**, Plaintiffs West Shore Home, LLC and West Shore Home Holdings, LLC, demand that judgment be entered in their favor and against Defendant Craig Chappell, and further request that the Court:

(a)    Enjoin Defendant from using, disclosing, communicating, furnishing, divulging, or making available to P.J. Fitzpatrick, Window Nation, Love Your Bath, Paramount Builders, Newpro, FHIA, or any other third party, any of West Shore's Confidential Information and Trade Secrets;

(b)    Enjoin Defendant from directly or indirectly working in any capacity for P.J. Fitzpatrick, Window Nation, Love Your Bath, Paramount Builders, Newpro, FHIA, and any other competitor of West Shore in which there is a sufficient likelihood or substantial threat that Defendant will use or disclose West Shore's Confidential Information and Trade Secrets;

(c)    Compel Defendant to return to West Shore any and all Confidential Information and Trade Secrets and documents relating to West Shore's business and operations,

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

including any and all electronically stored data;

(d)    Award compensatory damages, to the extent calculable, proximately resulting from Defendant's misappropriation, use, and/or disclosure of West Shore's Confidential Information and Trade Secrets;

(e)    Award exemplary damages in an amount equal to two times the amount of damages awarded in (d) for Defendant's willful and malicious misappropriation of West Shore's Confidential Information and Trade Secrets;

(f)    Award reasonable attorneys' fees; and

(g)    Award costs of suit and such other monetary and equitable relief as is just and proper.

Respectfully submitted,

By: _____

Thomas G. Collins (I.D. #75896)
Sara E. Myirski (I.D. #321113)
Cheri A. Sparacino (I.D. #325868)
**BUCHANAN INGERSOLL & ROONEY PC**
409 North Second Street, Suite 500
Harrisburg, PA 17101
Tel: (717) 237-4800
thomas.collins@bipc.com
sara.myirski@bipc.com
cheri.sparacino@bipc.com

*Counsel for Plaintiffs*

Dated: January 20, 2022

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, Philip R. Brenckle, verify that I am the Chief Financial Officer for West Shore Home

Holdings, LLC, and I am authorized to make this Verification on its behalf, and that the averments

of fact relative to West Shore Home Holdings, LLC contained in the Complaint are true and correct

to the best of my knowledge, information and belief. I understand that this Verification is made

subject to the penalties relating to unsworn falsification to authorities, 18 Pa. C.S. § 4904.

Dated: 1/20/2022

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **VERIFICATION**

I, Kyle Matherne, hereby verify that I am the Chief Marketing Officer of Plaintiff

West Shore Home, LLC and that I am authorized to execute this Verification on its behalf;

that I have reviewed the Complaint; and that the facts contained therein are true and

correct to the best of my knowledge, information, and belief. I understand that false

statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to

unsworn falsification to authorities.


Dated: January 19, 2022

Kyle Matherne
Chief Marketing Officer
West Shore Home, LLC

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  West Shore Home, LLC and
West Shore Home Holdings, LLC

Signature:  *Thomas G Collins*

Name:  Thomas G. Collins

Attorney No.:  75896

# EMPLOYMENT AGREEMENT

THIS EMPLOYMENT AGREEMENT (this "Agreement") is dated this 4 day of *August*, 2020 (the "Effective Date") between **WEST SHORE HOME, LLC**, a Pennsylvania limited liability company ("WSH"), and *Craig Chappell*, an adult individual ("Employee"), (together, the "Parties" and each a "Party").

## BACKGROUND

A.   WSH is a home improvement company that installs/replaces windows, doors and bathtubs (collectively, the "Business").

B.   WSH desires to continue to employ Employee and Employee is willing to continue to make his/her services available to WSH on the terms and conditions set forth below.

## AGREEMENTS

In consideration of the foregoing background and the mutual agreements contained herein, the Parties, intending to be legally bound, hereby agree as follows:

1.   **Employment; Position and Duties.**  WSH hereby employs Employee and Employee hereby accepts employment with WSH, on an "at will basis", to serve as *Media Manager*. During the Term, Employee faithfully and to the best of his/her ability, shall perform the duties of such position. Employee agrees to devote substantially all of his/her business time, effort, skill and attention to the proper discharge of such duties while employed by WSH.

2.   **Compensation.**

(a)   **Base Salary.** During the Term, Employee shall receive from WSH an annual base salary of $200,000 (the "Base Salary"), payable in accordance with the regular payroll practices of WSH, pro-rated for any partial year during the Term. The Employee's Base Salary shall be reviewed annually based upon the Employee's individual performance as well as the performance of WSH.

(b)   **Signing Bonus.**  In consideration for signing this Agreement and being bound by the terms hereof, Employee shall receive a "signing bonus" of $5,000.

3.   **Benefits.**  Employee shall be entitled to participate in the group health insurance benefits and fringe benefits regularly enjoyed by other full time employees of WSH under the terms and conditions of the fringe benefits and the health insurance benefits plans.

4.   **Termination of Employment.**

(a)   **Termination by WSH Without Cause.**  WSH shall have the right to terminate Employee's employment without Cause upon thirty (30) days' prior written notice. If WSH terminates Employee's employment without Cause, Employee shall be entitled to: [a]

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

continuation of the Employee's Base Salary (as in effect immediately prior to the termination) for a period of three (3) months from the date of such termination; [b] payment to Employee of any bonus amounts earned through the termination date; [c] reimbursement of any unpaid business expenses incurred in accordance with this Agreement by Employee prior to the effective date of the termination of Employee's employment; and [d] any other benefits accrued and vested through the date of such termination in accordance with the applicable plans and programs of WSH, provided, however that, subject to any applicable law, WSH shall have the right to set off any amounts due to WSH from any amounts due to Employee.

(b)      Effect of Termination. The rights and duties of the Parties under Sections 5, 6 and 7 of this Agreement shall survive the termination of this Agreement.

5.      Noncompetition and Nonsolicitation. Employee acknowledges and agrees that the contacts and relationships of WSH and its affiliates (including its subsidiaries) with their customers, suppliers, vendors, licensors and other business relations are, and have been, established and maintained at great expense and provide WSH and its affiliates with a substantial competitive advantage in conducting their business. Employee acknowledges and agrees that by virtue of Employee's employment with WSH, Employee will have unique and extensive exposure to and personal contact with WSH's and its affiliates' customers and other business relations, and that he will be able to establish a unique relationship with those persons that will enable him, both during and after employment, to unfairly compete with WSH and its affiliates. Furthermore, the Parties agree that the terms and conditions of the following restrictive covenants are reasonable and necessary for the protection of the business, trade secrets and Confidential Information of WSH and its affiliates and to prevent great damage or loss to WSH and its affiliates as a result of action taken by Employee. Employee acknowledges and agrees that the noncompete, nonsolicit restrictions and nondisclosure of Confidential Information restrictions contained in this Agreement are reasonable and the consideration provided for herein is sufficient to fully and adequately compensate Employee for agreeing to such restrictions.

(a)      Noncompetition. During the period of the Employee's employment by WSH and for a period of 24 months thereafter (the "Restricted Period"), Employee will not (except on behalf of WSH or its affiliates (including its subsidiaries)), directly or indirectly, in any capacity, be employed by, or participate in (as an owner, shareholder, director, general or limited partner, officer, manager, consultant or agent, or otherwise) any business, firm, corporation, partnership, or other entity which competes with WSH or its affiliates (a "Competitive Business") within two hundred fifty (250) miles of any of the Company's locations as of the date of this Agreement, as well as those added during the term hereof. The ownership (as a passive investor) of less than a 1% interest in a corporation whose shares are traded in a recognized stock exchange or traded in the over-the-counter market, even though that corporation may be a competitor of WSH or its affiliates, shall not be deemed financial participation in a competitor. Notwithstanding anything to the contrary herein, Employee shall not be bound by this Section 4(a) if Employee is terminated by WSH without "Cause". For purposes of this Agreement, "Cause" shall mean (i) Employee's failure to maintain, adhere and/or meet performance measures for his/her position, (ii) Employee committing a felony or other act involving dishonesty related to the Business and/or (iii) Employee committing an act, whether in relation to another employee, a customer, or other business relation of WSH, that in the reasonable discretion of WSH, supports a termination of this employment relationship.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(b)     Customer/Vendor Nonsolicitation. Employee agrees that during the Restricted Period, Employee will not (except on behalf of WSH or its affiliates (including its subsidiaries)), directly or indirectly, in any capacity:

(i)     contact or solicit any Customer (as defined in Section 6(d) below) for the purpose of providing products or services that compete with those offered by WSH and its affiliates;

(ii)     provide any products or services to any Customer that compete with those offered by WSH or its affiliates;

(iii)     induce, solicit (or attempt to induce or solicit), request or advise any Customer, supplier, licensee, vendor, licensor, franchisee or other business relation of WSH or its affiliates to [a] cease, withdraw, curtail or cancel any of its business or relations with WSH or its affiliates or [b] use the services and/or products (which compete with those offered by WSH or its affiliates) of a person other than WSH or its affiliates; or

(iv)     in any way interfere with the relationship between any Customer, supplier, licensee, vendor, licensor, franchisee or other business relation of WSH or its affiliates and WSH or its affiliates (including, without limitation, making any negative statements or communications about WSH or its affiliates).

(c)     Employee Nonsolicitation. Employee agrees that during the Restricted Period, Employee will not (except on behalf of WSH or its affiliates), directly or indirectly, in any capacity induce or solicit or attempt to induce or solicit, any employee, sales representative, consultant or other agent of WSH or its affiliates to terminate his, her or its relationship or breach any agreement with WSH or its affiliates (or in any way interfere with the relationship between WSH or its affiliates and such person) or hire or otherwise engage such employee, sales representative, consultant or other agent; provided, however, that publication of general solicitations not targeted (i) to an individual employee, sales representative, consultant or other agent of WSH or its affiliates, or (ii) primarily to employees, sales representatives, consultants or other agents of WSH or its affiliates (and any hiring pursuant to such general solicitations) shall not constitute inducement for purposes of, or otherwise violate, this Section 4(c).

(d)     Definition. "Customer" shall mean any customer of WSH or its affiliates (including its subsidiaries) that has purchased the products or services offered by WSH or its affiliates during the 24 month period preceding the effective date of the termination of Employee's employment.

6.     Confidential Information; Inventions and Patents.

(a)     Confidential Information; Samples and Other Materials. Employee acknowledges and agrees that the Customers, business connections, customer lists, vendors and terms of vendor agreements, customer usage and requirements, marketing and lead generation practices and strategies, pricing formulas and methodologies, order quotes and write-up notes, customer and vendor files, procedures, processes, technology, operations, techniques, business targets, business partners, financial and accounting books and records and other aspects of and information about the business of WSH and its affiliates (the "Confidential Information") are and/or were established at great expense and protected as confidential information and provide WSH and its affiliates with a substantial competitive advantage in conducting their business.

A7617777:1                                              3

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Employee further acknowledges and agrees that by virtue of his employment with WSH, he will have access to, and has been entrusted with and will be entrusted with, Confidential Information, and that WSH and its affiliates would suffer great loss and injury if Employee would disclose this information or use it in a manner not specifically authorized by WSH. Therefore, Employee agrees that during the period in which the Employee is employed by WSH and for three (3) years thereafter, he will not, directly or indirectly, either individually or as an employee, agent, partner, shareholder, owner, trustee, beneficiary, member, manager, co-venturer, distributor, consultant or in any other capacity, use or disclose or cause to be used or disclosed any Confidential Information, unless and to the extent that any such information becomes generally known to and available for use by the public other than as a result of Employee's acts or omissions.

(b)     Inventions and Patents. Employee acknowledges that all inventions, innovations, improvements, developments, methods, designs, analyses, drawings, reports and all similar or related information (whether or not patentable) which relate to WSH's actual or anticipated business, research and development or existing or future products or services and which are conceived, developed or made by Employee while employed by WSH ("Work Product") belong to WSH. Employee shall promptly disclose such Work Product to the CEO and, at WSH's expense, perform all actions reasonably requested by the CEO (whether during or after the Term) to establish and confirm such ownership (including, without limitation, assignments, consents, powers of attorney and other instruments).

7.   Miscellaneous.

(a)     Specific Performance.  Employee acknowledges and agrees that irreparable injury to WSH may result in the event Employee breaches any covenant or agreement contained in Sections 6 or 7 and that the remedy at law for the breach of any such covenant will be inadequate. Therefore, if Employee engages in any act in violation of the provisions of Sections 6 and/or 7, Employee agrees that WSH shall be entitled, in addition to such other remedies and damages as may be available to it by law or under this Agreement, to seek injunctive relief to enforce the provisions of Sections 6 and 7.

(b)     Withholding Taxes. To the extent required by applicable law, all payments to Employee or his beneficiary hereunder shall be subject to withholding on account of federal, state and local taxes, and other customary or required deductions. If any payment hereunder is insufficient to provide the amount of such taxes required to be withheld, WSH may withhold such taxes from any other payment due Employee or his beneficiary.

(c)     Waiver. The failure of either Party to insist in any one or more instances, upon performance of the terms or conditions of this Agreement shall not be construed as a waiver or a relinquishment of any right granted hereunder or of the future performance of any such term, covenant or condition.

(d)     Notices. Any notice to be given hereunder shall be deemed sufficient if addressed in writing and delivered by registered or certified mail or delivered personally, in the case of WSH, to its principal business office, and in the case of Employee, to his address appearing on the records of WSH or to such other address as he may designate in writing to WSH.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(e) <u>Severability</u>. In the event that any provision of this Agreement shall be held to be invalid or unenforceable for any reason whatsoever, it is agreed that such invalidity or unenforceability shall not affect any other provision of this Agreement and the remaining covenants, restrictions and provisions hereof shall remain in full force and effect and any court of competent jurisdiction may so modify the objectionable provision as to make it valid, reasonable and enforceable. Furthermore, the Parties specifically acknowledge the above covenant not to compete and covenant not to disclose Confidential Information are separate and independent agreements.

(f) <u>Complete Agreement</u>. Except as otherwise expressly set forth herein, this document, and the schedules and exhibits attached hereto, embody the complete agreement and understanding among the Parties hereto with respect to the subject matter hereof and supersedes and preempts any prior understandings, agreements or representations by or among the Parties, written or oral, which may have related to the subject matter hereof in any way.

(g) <u>Amendment</u>. This Agreement may only be amended by an agreement in writing signed by each of the Parties hereto.

(h) <u>Governing Law, Jurisdiction</u>. This Agreement shall be governed by and construed exclusively in accordance with the laws of the Commonwealth of Pennsylvania, regardless of choice of law requirements. In the event a dispute or claim should arise regarding this Agreement, jurisdiction and venue of any such action shall be in the courts of Pennsylvania or, in the event that the Parties to this Agreement have diverse citizenship and/or the dispute involves a federal question of law, in the United States District Court for the Middle District of Pennsylvania. Each Party expressly consents to the jurisdiction and venue set forth in this Section.

(i) <u>Assignment; Benefit</u>. This Agreement shall be binding upon and inure to the benefit of and shall be enforceable by and against WSH, its successors and assigns and Employee, and his heirs, beneficiaries and legal representatives. In addition, this Agreement and all rights, duties and obligations hereunder may be assigned by (or pursuant to) (a) an assignment to an affiliate of WSH, (b) a merger or consolidation in which WSH is not the surviving entity or (c) a sale or liquidation of all or substantially all of the assets of WSH. No obligations of Employee under this Agreement may be assigned or transferred by Employee.

(j) <u>Counterparts</u>. This Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument and delivered in person. Signatures delivered by facsimile or in portable document format ("pdf") shall be binding for all purposes hereof.

**[Signature page follows]**

A7617777:1       5

IN WITNESS WHEREOF, the Parties have executed or caused this Employment Agreement to be executed as of the Effective Date.

COMPANY:

**WEST SHORE HOME, LLC**

By: _____
       William W. Werzyn, Jr., CEO

EMPLOYEE:

_Craig Chappell_  8/4/20

A7617777:1

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT B

# Phantom Unit Agreement

*Confidential and proprietary, subject to Plaintiff's Motion for Leave to file Exhibits Under Seal, which is being filed contemporaneously herein.*

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT C

# Phantom Incentive Equity Plan

*Confidential and proprietary, subject to Plaintiff's Motion for Leave to file Exhibits Under Seal, which is being filed contemporaneously herein.*

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**David Mulrine**

| | |
|---|---|
| **From:** | lweisberg@weisbergcummings.com |
| **Sent:** | Friday, October 29, 2021 10:54 AM |
| **To:** | David Mulrine |
| **Subject:** | RE: Craig Chappell |

CAUTION: This email originated from outside of the organization.

David,

Thanks for your response. Mr. Chappell will take the company's position under advisement. Also, Mr. Chappell asked me to confirm to you that he is not in possession of any confidential information of West Shore Home.

Best Regards,

Larry A. Weisberg, Esq.
Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
Fax: (717) 233-8133
www.weisbergcummings.com

This message (including any attachments) contains confidential information intended for a specific individual and purpose and is protected by law. If you are not the intended recipient, please notify the sender immediately by return e-mail and delete this message (and any attachments) from your system. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

**From:** David Mulrine <david.mulrine@westshorehome.com>
**Sent:** Monday, October 25, 2021 10:22 AM
**To:** lweisberg@weisbergcummings.com
**Subject:** RE: Craig Chappell

Good morning, Mr. Weisberg,

To summarize our conversation from the other day, it is West Shore's position that Mr. Chappell's termination was with cause, and therefore, Mr. Chappell is not eligible or entitled to the three-month continuation of his salary outlined in Section 4(a) of his Employment Agreement dated August 4, 2020. Further, if Mr. Chappell provides services to any home improvement company that installs/replaces windows, doors, or baths within the defined geographic scope over the next 24 months, West Shore will immediately seek to enforce the non-competition provision and recovery of its attorneys' fees and costs in doing so. Similarly, Mr. Chappell is bound by the confidentiality provisions set forth in his agreements with West Shore. If Mr. Chappell were to provide services, as an employee or otherwise, to any home improvement company that installs/replaces windows, doors, or baths, it is unclear how he would do so without violating his confidentiality obligations to West Shore. Likewise, several of the businesses Mr. Chappell worked with on behalf of West Shore during the course of his employment required Mr. Chappell to execute a Non-Disclosure Agreement, so we're uncertain as to how he would be able to provide any meaningful or valuable services to any home improvement company that installs/replaces windows, doors, or baths without violating those agreements, as well.

1

EXHIBIT D

The restrictive covenants by which Mr. Chappell is bound are limited to a small segment of the home improvement sector: windows, doors, and baths. Mr. Chappell should have plenty of opportunities available to him, even if he wants to stay within the construction industry, to engage in media buying services without violating his obligations to West Shore (e.g., siding, roofing, sunrooms, kitchens, new construction, HVAC, etc.). These covenants should in no way impact his ability to find employment.

Finally, it has come to our attention that Mr. Chappell may have West Shore's confidential information in his possession, both on his personal computer, as well as in hard copy. Thus, we demand that Mr. Chappell return and/or destroy all of West Shore's confidential information immediately. Please provide us with a written confirmation from Mr. Chappell by no later than Monday, November 1, 2021, certifying that he has returned and/or destroyed all of West Shore's confidential information and has nothing in his possession.

If you have any additional questions, please don't hesitate to reach out.

**David R. Mulrine**
Employment Counsel
Direct: (717) 204-4736
David.Mulrine@westshorehome.com

 

This email (including any attachments) is intended solely for the person or entity to whom it is addressed and may contain confidential, proprietary or privileged material. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify the sender immediately then permanently delete the email and all copies (including any attachments).

**From:** lweisberg@weisbergcummings.com <lweisberg@weisbergcummings.com>
**Sent:** Friday, October 15, 2021 11:55 AM
**To:** David Mulrine <david.mulrine@westshorehome.com>
**Cc:** Shannon Gierasch <shannon.gierasch@westshorehome.com>
**Subject:** RE: Craig Chappell

CAUTION: This email originated from outside of the organization.

Great, thanks. Have a good weekend.

Larry A. Weisberg, Esq.
Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
Fax: (717) 233-8133
www.weisbergcummings.com

This message (including any attachments) contains confidential information intended for a specific individual and purpose and is protected by law. If you are not the intended recipient, please notify the sender immediately by return e-mail and delete this message (and any attachments) from your system. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**From:** David Mulrine <david.mulrine@westshorehome.com>
**Sent:** Friday, October 15, 2021 11:52 AM
**To:** lweisberg@weisbergcummings.com
**Cc:** Shannon Gierasch <shannon.gierasch@westshorehome.com>
**Subject:** RE: Craig Chappell

10:30 works well.  I will give you a call at that time.

Thank you,

**David R. Mulrine**
Employment Counsel
Direct: (717) 204-4736
David.Mulrine@westshorehome.com

 

Linked in

This email (including any attachments) is intended solely for the person or entity to whom it is addressed and may contain confidential, proprietary or privileged material. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify the sender immediately then permanently delete the email and all copies (including any attachments).

**From:** lweisberg@weisbergcummings.com <lweisberg@weisbergcummings.com>
**Sent:** Friday, October 15, 2021 9:42 AM
**To:** David Mulrine <david.mulrine@westshorehome.com>
**Cc:** Shannon Gierasch <shannon.gierasch@westshorehome.com>
**Subject:** RE: Craig Chappell

CAUTION: This email originated from outside of the organization.

Mr. Mulrine,

I can confirm that I do represent Mr. Chappell.  I am available around 10:30 or 11:00 on Monday if that works for you.

Thank you,

Larry A. Weisberg, Esq.
Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA  17110
(717) 238-5707
Fax:  (717) 233-8133
www.weisbergcummings.com

This message (including any attachments) contains confidential information intended for a specific individual and purpose and is protected by law. If you are not the intended recipient, please notify the sender immediately by return e-mail and delete this message (and any attachments) from your system. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

3

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**From:** David Mulrine <david.mulrine@westshorehome.com>
**Sent:** Friday, October 15, 2021 9:27 AM
**To:** lweisberg@weisbergcummings.com
**Cc:** Shannon Gierasch <shannon.gierasch@westshorehome.com>
**Subject:** RE: Craig Chappell

Mr. Weisberg,

Could you please confirm whether you are representing Mr. Chappell? Upon doing so, we can coordinate a time for Monday morning to discuss. With that said, if there are any questions I can answer in advance of Monday, please don't hesitate to ask via email.

Thanks,

**David R. Mulrine**
Employment Counsel
Direct: (717) 204-4736
David.Mulrine@westshorehome.com




Linked in

This email (including any attachments) is intended solely for the person or entity to whom it is addressed and may contain confidential, proprietary or privileged material. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify the sender immediately then permanently delete the email and all copies (including any attachments).

**From:** lweisberg@weisbergcummings.com <lweisberg@weisbergcummings.com>
**Sent:** Thursday, October 14, 2021 11:36 AM
**To:** Shannon Gierasch <shannon.gierasch@westshorehome.com>; David Mulrine <david.mulrine@westshorehome.com>
**Subject:** Craig Chappell

CAUTION: This email originated from outside of the organization.

Mr. Gierasch & Mr. Mulrine,

Good morning. I am reaching out to you with the hope that I may be able to speak with one of you or someone else from your company regarding your former employee, Craig Chappell. I met with Mr. Chappell yesterday afternoon, and he was asking me some questions with respect to his Employment Agreement with West Shore Home that was dated August 4, 2020. I advised him that I would most likely need to speak with someone from your company in order to provide him with feedback, which is why I am reaching out with his permission and on his behalf.

Please let me know if we can schedule a time to discuss this matter. I am available this afternoon between 1 p.m. and 2:30 p.m., or on Monday morning of next week if either of those times works.

Thanks in advance for your cooperation.

Best Regards,

4

Larry A. Weisberg, Esq.
Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
Fax: (717) 233-8133
www.weisbergcummings.com

This message (including any attachments) contains confidential information intended for a specific individual and purpose and is protected by law. If you are not the intended recipient, please notify the sender immediately by return e-mail and delete this message (and any attachments) from your system. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



**Craig Chappell** · 2nd

Using big data, sales skills and a proven process to generate tens of thousands of sales leads each month for a home improvement company in the home improvement category.

Mechanicsburg, Pennsylvania, United States · Contact info

**500+ connections**

81 mutual connections: Jeff Haas, Will McGrorty, and 79 others

( Connect )  ( Message )  ( More )

Penn State University

EXHIBIT E

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



**Craig Chappell**

Using big data, sales skills and a proven process to generate tens of thousands of sales leads each month for a home improvement.

## Experience



**Director of Media - direct response home improvement lead gen in shower, bath, window & doors**

West Shore Home · Full-time

Dec 2018 – Oct 2021 · 2 yrs 11 mos

Mechanicsburg, Pennsylvania

Create and manage the direct response marketing for the 5th largest home improvement company in the U.S. using DR TV, direct mail, print and lead aggregators.

Develop creative messaging and A/B testing.

Design tracking or conversion mechanisms to perform new customer acquisition attribution.

Developed marketing funnel process capturing more than 6,000 data points every seven days.

Most entrepreneurs feel that only 50% of their advertising works, but they don't know which 50%. With my process of measuring more than 6,000 data points every week, we know what's not working and have adequate time to make adjustments.

I've been able to generate more than 70,000 leads at an average of 11% cost of marketing using my national relationships, process and strategy using TV, online lead aggregators, newspaper, direct mail.

I'm particularly proud of developing a revolutionary "NO RISK" strategy with a guaranteed cost of marketing.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

 **Craig Chappell**
Using big data, sales skills and a proven process to generate tens of thousands of sales leads each month for a home improvemen...

## About

Specialties:
Development of marketing funnel conversion metrics including cost per lead, cost per call, cost per web form, cost per set, cost per issued, cost per demo, cost of marketing.
Strategic planning, contract negotiations, TV, print, direct mail, and paid lead aggregators. An accomplished marketing strategist with 30+ years of experience predominately in media sales, but with a gifted skillset transferrable to any industry.

An ability to assess situations and develop systems and practices that yield high income results, while improving efficiencies.

A high-energy creative strategist who is very goal-oriented and has a focus on developing and implementing programs and initiatives that provide a positive ROI.

Drives strategy and execution for all facets of integrated B2B and B2C marketing programs to establish superior ROI, solid lead generation, and strengthen competitive advantage.

Thrives in change-driven business arenas and excels at leading teams in fast-paced, high-growth organizations. Driven, go-getter who flourishes with new challenges.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Craig Chappell**
Using big data, sales skills and a proven process to generate tens of thousands of sales leads each month for a home improvemen...

## Recommendations

Received (0)     Given (2)



**Joshua Churnick**
Marketing Leadership | Brand Strategy | Demand Generation
December 21, 2021, Joshua worked with Craig in the same group

Josh has done a truly remarkable job with a startup. Building a CRM, a phone system, a credible attribution model, and a call center, simultaneously requires a great deal of planning and dedication to his craft. In my experience, most marketing leaders don't possess that level of focus on the foundational elements of lead generation.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



**Joshua Churnick**
Marketing Leadership | Brand Strategy | Demand Generation

## Experience

**Vice President Marketing**
Florida Home Improvement Associates · Full-time
Jan 2022 – Present · 1 mo
Fort Lauderdale, Florida, United States



**Vice President Marketing**
Love Your Bath · Full-time
Oct 2020 – Dec 2021 · 1 yr 3 mos
Tampa, Florida, United States

Love Your Bath is the exclusive dealer for Jacuzzi Bath Remodeling in Central Florida. This startup is already one of the largest affiliates in the network and poised for continued, rapid growth.

...see more

    Social Video



**Senior Director Of Marketing**
Renewal by Andersen · Full-time
May 2018 – Oct 2020 · 2 yrs 6 mos
Austin, Texas Area

Renewal by Andersen is the window replacement subsidiary of Andersen Corporation, a

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1:59

 Photos     Life events

 **Craig Chappell**
November 18, 2021 at 6:50 PM · 🌐    •••



Winter Window Pricing is Here    WINDOW NATION

Buy 2 Windows, Get 2 Free

FB.ME
**Hurry! Get 2 Windows Free**    [ **GET OFFER** ]

 **Window Nation**
October 26, 2021 at 9:51 AM · 🌐

Offer Ends 11/30. Buy 2 Windows & Get 2 Free.
Improve Your Home's Energy Efficiency and Save on
Energy Costs Year Round.

👍 **Like**              ↪ **Share**

 **Craig Chappell**    •••

🔒 facebook.com

EXHIBIT F

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



**JE**

Jon

Hey man - Nolan caught up with me on the neustar - about $5300/mo

Hey Jon - sorry to hit you up out of the blue here, but has Craig Chappell reached out to you about marketing services? We terminated him in October and We've been hearing some feedback that he's been prospecting a lot of former business associates.

He has no less than a dozen times yes

Ha do you have time for a brief call?

Yea I'll call u in 5

EXHIBIT G

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**5:35** 📶 5G 🔋

‹ 787 👤 ▢

+1 (717) 975-7293 ›

**Siri Found a Contact**
Craig Chappell
+1 (717) 975-7293                    **Add**    ✕

iMessage
Thu, Oct 28, 1:38 PM

John, this is Craig Chappell. I met you while I was running West Shore Media for BJ & Kyle Matherne. I'm not with West Shore any longer. Would you have an interest in talking about outsourcing any part of your lead-gen? I've perfected several new programs since we last spoke

The sender is not in your contact list.

**Report Junk**



iMessage

EXHIBIT H

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

BUCHANAN INGERSOLL & ROONEY PC
Thomas G. Collins (I.D. #75896)
Sara E. Myirski (I.D. #321113)
Cheri A. Sparacino (I.D. #325868)
409 North Second Street, Suite 500
Harrisburg, PA 17101
Tel: (717) 237-4800
thomas.collins@bipc.com
sara.myirski@bipc.com
cheri.sparacino@bipc.com

*Counsel for Plaintiffs*

| | |
|---|---|
| WEST SHORE HOME, LLC and WEST SHORE HOME HOLDINGS, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG CHAPPELL,<br><br>*Defendant.* | IN THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY, PENNSYLVANIA<br><br>Civ. No. _____ |

## PRAECIPE TO ATTACH CIVIL COVERSHEET

**TO THE PROTHONOTARY:**

Kindly attach the enclosed document, the Civil Coversheet to the Complaint that was

filed by Plaintiffs West Shore Home, LLC and West Shore Home Holdings, LLC on January 20,

2022, in the above-captioned matter.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

By: _Thomas G Collins_

Thomas G. Collins (I.D. #75896)
Sara E. Myirski (I.D. #321113)
Cheri A. Sparacino (I.D. #325868)
**BUCHANAN INGERSOLL & ROONEY PC**
409 North Second Street, Suite 500
Harrisburg, PA 17101
Tel:     (717) 237-4800
thomas.collins@bipc.com
sara.myirski@bipc.com
cheri.sparacino@bipc.com

*Counsel for Plaintiffs*

Date: January 21, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within document was served upon the following person(s):

Larry A. Weisberg, Esquire
Weisberg Cummings, P.C.
2704 Commerce Drive B
Harrisburg, PA 17110
Email: lweisberg@weisbergcummings.com
*Counsel for Defendant*

Thomas G. Collins
*Counsel for Plaintiffs*

Date: January 21, 2022

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-0 Received at Cumberland County Prothonotary on 01/21/2022 8:23 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents.

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ **County**

CUMBERLAND

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | TIME STAMP |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| West Shore Home, LLC and West Shroe Home Holdings, | Craig Chappell |

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Thomas G. Collins

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case**: Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

_____

- ☐ Employment Dispute: Discrimination
- ☒ Employment Dispute: Other

_____

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

_____
_____

- ☐ Zoning Board
- ☐ Other: _____

_____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

_____

*Updated 1/1/2011*

S E C T I O N B