Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| WEST SHORE HOME, LLC and WEST SHORE HOME HOLDINGS, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG CHAPPELL,<br><br>*Defendant.* | IN THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY, PENNSYLVANIA<br><br>Civ. No. 2022-00533 |

## ORDER OF COURT

AND NOW, this _____ day of _____, 2022, it is hereby ORDERED that a hearing on Plaintiffs, West Shore Home, LLC ("West Shore Home") and West Shore Home Holdings, LLC ("WSH Holdings", collectively with West Shore Home, "WSH" or "Plaintiffs") Motion for Special/Preliminary Injunction is GRANTED.

The Court, finding that the prerequisites for injunctive relief have been satisfied, grants relief Plaintiffs' favor and against Defendant on all claims herein. Defendant Craig Chappell is hereby enjoined as follows:

(a) Defendant is prohibited from directly or indirectly working in any capacity for P.J. Fitzpatrick, LLC, Window Nation, LLC, Love Your Bath, LLC, Paramount Builders, Inc., Newpro, Florida Home Improvement Associates, Inc., or any other competitor of West Shore within 250 miles of any of West Shore's locations, for a period of twenty-four (24) months from his most recent work for any competitor of West Shore;

(b) Defendant is prohibited from directly or indirectly inducing, soliciting, or attempting to induce or solicit any employee of West Shore to terminate his or her relationship with West Shore or hiring or engaging any such employee, for a period of twenty-four (24) months from the most recent solicitation of any West Shore employee;

(c) Defendant is prohibited from using or disclosing any confidential information obtained through his employment with West Shore, for a period of three (3) years from the most recent disclosure of West Shore's confidential information;

(d) Defendant must return to West Shore any and all Confidential Information and Trade Secrets and documents relating to West Shore's business and operations, including any and all electronically stored data.

**EXHIBIT A2**

Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

BY THE COURT:

_____ J.

**Distribution List:**

***Thomas G. Collins, Esq.***, Buchanan Ingersoll & Rooney, PC, 409 N. Second Street, Suite 500, Harrisburg, PA 17101
*Counsel for Plaintiffs, West Shore Home, LLC and West Shore Home Holdings, LLC*

***Sara E. Myirski, Esq.***, Buchanan Ingersoll & Rooney, PC, 409 N. Second Street, Suite 500, Harrisburg, PA 17101
*Counsel for Plaintiff, West Shore Home, LLC and West Shore Home Holdings, LLC*

***Cheri A. Sparacino, Esq.***, Buchanan Ingersoll & Rooney, PC, 409 N. Second Street, Suite 500, Harrisburg, PA 17101
*Counsel for Plaintiff, West Shore Home, LLC and West Shore Home Holdings, LLC*

***Larry A. Weisberg, Esq.***, Weisberg Cummings, PC, 2704 Commerce Drive B, Harrisburg PA 17110
*Counsel for Defendant, Craig Chappell*

Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

BUCHANAN INGERSOLL & ROONEY PC
Thomas G. Collins (I.D. #75896)
Sara E. Myirski (I.D. #321113)
Cheri A. Sparacino (I.D. #325868)
409 North Second Street, Suite 500
Harrisburg, PA 17101
Tel: (717) 237-4800
thomas.collins@bipc.com
sara.myirski@bipc.com
cheri.sparacino@bipc.com

*Counsel for Plaintiffs*

| | |
|---|---|
| WEST SHORE HOME, LLC and WEST SHORE HOME HOLDINGS, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG CHAPPELL,<br><br>*Defendant.* | IN THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY, PENNSYLVANIA<br><br>Civ. No. 2022-00533 |

## PLAINTIFFS' MOTION FOR SPECIAL/PRELIMINARY INJUNCTION

Plaintiffs, West Shore Home, LLC ("West Shore Home") and West Shore Home Holdings, LLC ("WSH Holdings", collectively with West Shore Home, "WSH" or "Plaintiffs"), by and through their undersigned counsel, Buchanan Ingersoll & Rooney PC, pursuant to Rule 1531 of the Pennsylvania Rules of Civil Procedure, file this Motion for a Special Injunction with Notice and a Preliminary Injunction After a Hearing against its former employee, Craig Chappell ("Chappell" or "Defendant").

1. On January 20, 2022, WSH filed a Verified Complaint with this Court, seeking, *inter alia*, to enjoin Defendant from breaching his contracts with WSH and misappropriating West Shore's trade secrets.

Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2. During his employment, Defendant initially served as a Media Manager and later was promoted to Director of Media. Complaint ("Compl.") ¶¶ 14, 26. In this high-ranking position, Defendant was responsible for running West Shore's Media Department and received specialized and extensive knowledge and on-the-job training as to West Shore's unique marketing and lead generation methods and on how West Shore tracks marketing performance and utilizes millions of dollars worth of data to build its unique marketing mix. Compl. ¶¶ 26-28.

3. In his roles as Media Manager and, later, Director of Media, Defendant had access to West Shore's valuable, confidential, proprietary and/or trade secret information, including, without limitation: customer information; employee information; identities and contact information for marketing partners; demographic profiles; pricing and negotiated deals with marketing partners; current and historic performance records for every marketing channel West Shore utilizes; performance of promotional offers, including discounts, finance plans, effectiveness of marketing language, style of the creative, format length, and placement; creative testing strategy and results used to drive marketing plan adjustments; West Shore's selling system; call center processes, scripts, and key performance indicators; and corporate strategic and performance information at the branch and corporate level (collectively referred to herein as the "Confidential Information and Trade Secrets"). Compl. ¶ 33.

4. Given his role and the Confidential Information and Trade Secrets to which he was privy, Defendant was subject to certain restrictive covenants that were continuing in nature—which were memorialized in agreements that he had with West Shore—and which expressly included non-solicitation and non-competition restrictions. Compl. ¶¶ 17-23, 41-44. These agreements also contained non-disclosure requirements to protect West Shore's Confidential

2

Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Information and Trade Secrets. *Id.*; *see also* Compl. Exhibits ("Ex.") A, B, C (Agreements as defined in the Verified Complaint).

5. Relevant to his non-solicit restrictions, Defendant entered into an Employment Agreement with West Shore that prohibited Defendant from soliciting its customers, vendors, and employees for 24 months following the termination of his employment. *See* Compl. Ex. A § 5(b), (c). Defendant agreed to a nearly identical non-solicitation provision in his Phantom Unit Agreement with WSH. *See* Compl. Ex. B at Ex. A § 1.

6. Relevant to his non-compete restrictions, Defendant's Employment Agreement with West Shore made clear that he was prohibited from working for a direct competitor of West Shore within 250 miles of any West Shore location for a period of 24 months following the termination of his employment. *See* Compl. Ex. A § 5(a). Defendant also entered into a Phantom Unit Agreement with WSH that further prohibited him from working for a direct competitor of WSH for a period of 24 months following the termination of his employment. *See* Compl. Ex. B at Ex. A § 2.

7. Defendant was further prohibited from the use and disclosure of WSH's Confidential Information and Trade Secrets based on the express terms in his Employment Agreement and Phantom Unit Agreement. *See* Compl. Ex. A § 6(a), (b); Compl. Ex. B at Ex. A §§ 3, 5.

8. Notwithstanding his clear obligations to WSH—for which Defendant received sufficient consideration—WSH learned that Defendant has started his own business which, upon information and belief, is called Optimized Lead Generation ("OLG"). Compl. ¶ 52.

9. Defendant, either directly or indirectly through OLG, provides media buying, marketing, and advertising services to other home remodeling companies that are competitors of

3

WSH. Defendant is therefore providing services that are similar to, if not the same as, the services he performed for WSH as Media Manager and Director of Media. Compl. ¶¶ 53-54.

10. WSH is aware that Defendant has reached out to contacts from industry dealer networks, *i.e.*, networks of bath, window and/or door sales companies of which WSH is a member. Compl. ¶¶ 55, 56-57.

11. WSH is also aware of at least six competitors to whom Defendant has provided services, using WSH's strategies for marketing success: P.J. Fitzpatrick, LLC ("P.J. Fitzpatrick"), Window Nation, LLC ("Window Nation"), Love Your Bath, LLC ("Love Your Bath"), Paramount Builders, Inc. ("Paramount Builders"), Newpro, and Florida Home Improvement Associates, Inc. ("FHIA"). Compl. ¶¶ 58-71. WSH is further aware that Defendant is offering to provide other home remodeling companies, currently outside of West Shore's service territories, with West Shore's strategies for marketing success. Compl. ¶¶ 72-78.

12. While WSH welcomes fair competition, Defendant, either directly or indirectly through OLG, or on behalf of third-party home remodeling companies, is using West Shore's Confidential Information and Trade Secrets to provide services to West Shore's competitors.

13. By engaging in this conduct, Defendant is blatantly ignoring his non-solicit, non-compete, and non-disclosure obligations to WSH. If Defendant is not stopped from such conduct, he, along with West Shore's direct competitors or any third party, will unfairly and unlawfully exploit West Shore's Confidential Information and Trade Secrets, which directly violates Defendant's continuing contractual obligations to WSH. *See* Compl. ¶¶ 17-23, 41-44.

14. For the reasons stated in Plaintiffs' Verified Complaint and Brief in Support of Motion for Special/Preliminary Injunction, unless Defendant is immediately enjoined from his wrongful and unlawful conduct, WSH will be irreparably harmed in the nature of loss of customer

4

Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

and vendor goodwill, and the loss and disclosure of WSH's Confidential Information and Trade Secrets.

15. WSH has no adequate remedy at law.

16. WSH has a high probability of success on the merits with respect to its breach of contract and misappropriation of trade secrets claims against Defendant.[1] At bottom, Defendant cannot escape his contractual obligations to WSH, including the restrictive covenants that are reasonable in scope and duration, necessary to protect WSH's legitimate and important business interests, and for which he received sufficient consideration.

17. If an injunction is not granted, WSH will suffer immediate and irreparable harm and will not have an adequate remedy at law given Defendant's breach of the non-solicit, non-compete, and non-disclosure provisions in his Employment Agreement and Phantom Unit Agreement. It is beyond dispute that Defendant's use and disclosure of West Shore's Confidential Information and Trade Secrets—to solicit customers and vendors, and to gain a competitive edge for himself through OLG or for WSH's competitors—violates the terms of the Employment Agreement and Phantom Unit Agreement. It is also beyond dispute that Defendant's actions in this regard will inevitably lead to the disclosure of WSH's confidential, proprietary, and/or trade secret information to one or more of its competitors.

18. Plaintiffs will suffer immediate and irreparable harm without injunctive relief because Plaintiffs future business and marketing prospects will be harmed in an unquantifiable amount. This harm cannot be fully compensated by money damages.

19. Greater injury will be done by denying the special injunction than by granting it.

---

[1] With the benefit of expedited discovery in this matter, West Shore is confident that it will gain further support to establish its likelihood of success on the merits of its breach of contract and misappropriation of trade secrets claims.

5

20. Moreover and significantly, time is of the essence regarding the injunctive relief that Plaintiffs seek, given Defendant's conduct to date.

21. Given Defendant's conduct, it is clear that judicial intervention is critical to protect Plaintiffs' business, particularly in the Pennsylvania market where Defendant is attempting to emerge.

22. In sum, Plaintiffs urge this Court to grant a special injunction with notice to stop Defendant from gaining an unfair competitive advantage by exploiting his knowledge of West Shore, its business, vendors, customers, and marketing strategies—the very reason for the restrictive covenants he agreed to.

23. Plaintiffs' Brief in Support of this Motion, filed contemporaneously, is incorporated by reference as if set forth in full.

24. Defendant received notice of this Motion by service upon his counsel, Larry Weisberg, Esq., on January 20, 2022.

25. Pursuant to Cumberland County Local Rule 208.3(a)(2), Plaintiffs state that no judge has ruled upon any other issue in the same or related matter.

26. Pursuant to Cumberland County Local Rule 208.3(a)(9), the undersigned certifies that due to the emergent nature of this claim, including the request for preliminary injunctive relief, he was not able to contact counsel for Defendant to seek his concurrence. This Motion is therefore considered contested.

WHEREFORE, Plaintiffs West Shore Home, LLC and West Shore Home Holdings, LLC respectfully request a special injunction with notice against Defendant Craig Chappell, and all other persons or entities acting in concert with Defendant or on behalf of Defendant, until a preliminary and/or final hearing, as follows:

Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(a) Prohibiting Defendant from directly or indirectly working in any capacity for P.J. Fitzpatrick, Window Nation, Love Your Bath, Paramount Builders, Newpro, FHIA, or any other competitor of West Shore within 250 miles of any of WSH's locations, for a period of twenty-four (24) months from his most recent work for any competitor of West Shore;

(b) Prohibiting Defendant from directly or indirectly inducing, soliciting, or attempting to induce or solicit any employee of West Shore to terminate his or her relationship with West Shore or hiring or engaging any such employee, for a period of twenty-four (24) months from the most recent solicitation of a West Shore employee;

(c) Prohibiting Defendant from using or disclosing any confidential information obtained through his employment with West Shore, for a period of three (3) years from the most recent disclosure of West Shore's confidential information;

(d) Compelling Defendant to return to West Shore any and all Confidential Information and Trade Secrets and documents relating to West Shore's business and operations, including any and all electronically stored data;

(e) Awarding compensatory damages, to the extent calculable, compensating WSH for Defendant's breach of the Employment Agreement and Phantom Unit Agreement; and

(f) Awarding exemplary damages in an amount equal to two times the amount of damages awarded in (d) for Defendant's willful and malicious misappropriation of West Shore's Confidential Information and Trade Secrets;

(g) Awarding reasonable attorneys' fees, costs, and expenses; and

(h) Awarding such other monetary and equitable relief as is just and proper.

Dated: January 20, 2022

Respectfully submitted,

By: _Thomas G Collins_
Thomas G. Collins (I.D. #75896)
Sara E. Myirski (I.D. #321113)
Cheri A. Sparacino (I.D. #325868)
**BUCHANAN INGERSOLL & ROONEY PC**
409 North Second Street, Suite 500
Harrisburg, PA 17101
Tel: (717) 237-4800
thomas.collins@bipc.com
sara.myirski@bipc.com
cheri.sparacino@bipc.com

*Counsel for Plaintiffs*

Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: West Shore Home, LLC and
West Shore Home Holdings, LLC

Signature: *Thomas G. Collins*

Name: Thomas G. Collins

Attorney No.: 75896

Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-00533-1 Received at Cumberland County Prothonotary on 01/21/2022 10:44 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **CERTIFICATE OF SERVICE**

I hereby certify that I am this 20th day of January 2022 serving a copy of the foregoing document upon the following person(s) by the following methods that comply with the Pennsylvania Rules of Civil Procedure.

>Larry A. Weisberg, Esq.
>Weisberg Cummings, PC
>2704 Commerce Drive B
>Harrisburg PA 17110
>*Counsel for Defendant*
>lweisberg@weisbergcummings.com

_____
Thomas G. Collins
*Counsel for Plaintiffs*