Case# 2022-00533-6 Received at Cumberland County Prothonotary on 01/21/2022 9:57 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

BUCHANAN INGERSOLL & ROONEY PC
Thomas G. Collins (I.D. #75896)
Sara E. Myirski (I.D. #321113)
Cheri A. Sparacino (I.D. #325868)
409 North Second Street, Suite 500
Harrisburg, PA 17101
Tel: (717) 237-4800
thomas.collins@bipc.com
sara.myirski@bipc.com
cheri.sparacino@bipc.com

*Counsel for Plaintiffs*

| | |
|---|---|
| WEST SHORE HOME, LLC and WEST SHORE HOME HOLDINGS, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG CHAPPELL,<br><br>*Defendant.* | IN THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY, PENNSYLVANIA<br><br>Civ. No. 2022-00533 |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL**

Plaintiffs, West Shore Home, LLC ("West Shore Home") and West Shore Home Holdings, LLC ("WSH Holdings", collectively with West Shore Home, "WSH" or "Plaintiffs"), by and through their undersigned counsel, Buchanan Ingersoll & Rooney PC, hereby submit this Brief in Support of their Motion for Leave to File Exhibits under Seal. For the following reasons, Plaintiffs respectfully request that this Court allow West Shore to file certain exhibits to the Complaint under seal to protect West Shore's confidential information.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs commenced this action on January 20, 2022 by filing a Complaint against Defendant Craig Chappell ("Defendant" or "Chappell"). Certain exhibits to the Complaint are

**EXHIBIT A6**

agreements executed by WSH and Chappell. Exhibit B to the Complaint is a letter agreement titled "Grant of Phantom Units" (hereinafter, the "Phantom Unit Agreement"), executed by Chappell on January 14, 2021. The Phantom Unit Agreement sets forth the opportunities Chappell had for significant incentive compensation that was specifically contingent on Plaintiffs' financial performance and includes the restriction on Chappell's post-termination competition presently at issue. Exhibit C to the Complaint is the West Shore Home Holdings, LLC 2021 Phantom Incentive Equity Plan (hereinafter, the "Phantom Incentive Equity Plan"), which sets for the terms of the grant to Chappell under the Phantom Unit Agreement. Plaintiff has attached copies of Exhibits B and C to their Motion for Leave to File Exhibits Under Seal for this Court's consideration.

Plaintiffs maintain that the Phantom Unit Agreement and the Phantom Incentive Equity Plan (collectively hereinafter, the "Agreements") concern details about their business that are confidential in nature. More specifically, the Agreements by their terms contain information related to the valuation of West Shore Home, LLC, including the composition of its capital structure, the prospect of future earnings, and the market value of its business. *See* Exs. B-C to Plaintiffs' Motion for Leave to File Exhibits Under Seal. Plaintiffs further maintain that allowing the Agreements to become public record and, in turn, allowing the public to access, review, or copy these documents would undermine the very purpose of this action – *i.e.*, the protection of Plaintiffs' confidential information.

## II. ARGUMENT

At the outset, WSH notes that they are not seeking to prevent the discovery of the Agreements between the Parties. Rather, WSH seeks to protect confidential commercial and business information within the Agreements from broad dissemination to the public by filing the Agreements under seal.

2

Courts in this Commonwealth have long recognized that citizens have a common law right to the inspection of public documents. *Mooney v. Temple Univ. Bd. Of Trs.*, 292 A.2d 395, 398 n.10 (Pa. 1972). However, the Pennsylvania Superior Court has stated that, in contrast to the principle of openness, a sealing of documents filed with the court may be warranted when the moving party can show good cause, which is established upon a showing that a clearly defined and serious injury will occur if the record were not sealed. *Hutchison by Hutchison v. Luddy*, 611 A.2d 1280, 1291 (Pa. Super. 1992). Ruling on a motion to seal records is a matter committed to the sound discretion of the trial court. *In re Estate of DuPont*, 2 A.3d 516, 522 (Pa. 2010).

Here, WSH does not seek to seal the entirety of the record in this matter. Plaintiffs seek only to file the Agreements, containing the composition of their capital structure, the prospect of future earnings, and the market value of the business, under seal. This information, which is highly confidential and gives Plaintiffs an edge against their competitors, should not become part of the public record. Such information could be utilized in this regard by other businesses to inflict harm on Plaintiffs. Further, Plaintiffs have taken substantial measures to protect such information, including the confidentiality provisions within the Agreements themselves, and within other similar agreements executed by employees, including Chappell. The confidential information contained within the Agreements is self-evident, and there is no apparent public need for disclosure. WSH should not be forced in this regard to disclose through public filing their confidential business information in order to enforce Chappell's obligation to refrain from unlawfully competing with them. Such a Hobson's choice should not be countenanced by this Court. For these reasons, WSH has shown good cause for sealing of the Agreements. The Court's sealing of the Agreements is the least restrictive means to protect WSH from harm, while

3

protecting the public's right to access and ensuring that Defendant has what he needs to mount his defense.

### III. CONCLUSION

Accordingly, Plaintiffs respectfully request that this Honorable Court enter an order granting the instant Motion and allow Plaintiffs to file the above-mentioned exhibits under seal.

Respectfully submitted,

By: /s/ Thomas G. Collins
Thomas G. Collins (I.D. #75896)
Sara E. Myirski (I.D. #321113)
Cheri A. Sparacino (I.D. #325868)
**BUCHANAN INGERSOLL & ROONEY PC**
409 North Second Street, Suite 500
Harrisburg, PA 17101
Tel: (717) 237-4800
thomas.collins@bipc.com
sara.myirski@bipc.com
cheri.sparacino@bipc.com

*Counsel for Plaintiffs*

Date: January 20, 2022

4

Case# 2022-00533-6 Received at Cumberland County Prothonotary on 01/21/2022 9:57 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within **Plaintiffs' Brief in Support of Their Motion for Leave to File Exhibits Under Seal** was served upon the following person(s):

Larry Weisberg
Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
*Counsel for Defendant*

_____
Thomas G. Collins
*Counsel for Plaintiffs*

Date: January 20, 2022