Case# 2022-00533-53 Received at Cumberland County Prothonotary on 01/24/2022 9:56 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

|  |  |
|---|---|
| WEST SHORE HOME, LLC and WEST SHORE HOME HOLDINGS, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG CHAPPELL,<br><br>*Defendant.* | IN THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY, PENNSYLVANIA<br><br>Civ. No. 2022-00533 |

## [PROPOSED] ORDER OF COURT

AND NOW, this 25th day of January, 2022, upon consideration of Plaintiffs' Motion for Leave to File Exhibits under Seal, as well as this Court's *in camera* review of the exhibits at issue, it is hereby **ORDERED** that:

1. Plaintiffs' Motion for Leave to File Exhibits under Seal is **GRANTED**.

2. West Shore may file under seal the following exhibits to the Complaint:

   Exhibit B – The "Grant of Phantom Units" letter agreement (hereinafter, the "Phantom Unit Agreement"); and

   Exhibit C – the West Shore Home Holdings, LLC 2021 Phantom Incentive Equity Plan (hereinafter, the "Phantom Incentive Equity Plan").

3. The Court's Prothonotary shall seal immediately, and continue to main under seal, the Phantom Unit Agreement and the Phantom Incentive Equity Plan (collectively, the "Agreements").

4. In support of this Order, the Court finds that:

   a. Upon filing with the Court, the information, documents, or things that are the subject of this Order would be considered a public judicial record or document subject to the presumptive common law right of access.

**EXHIBIT A12**

RULE 236 NOTICE PROVIDED ON 01/26/2022

b. The presumption of openness attached to the information, documents, or things that are the subject of this Order is outweighed by circumstances warranting their closure to public inspection. Protecting the confidentiality of the information, documents, or things sealed by this Order is required to protect against a clearly defined and serious injury to Plaintiffs that will occur if the sealing order is not entered. Specifically, the order is required to protect West Shore's confidential business information and market valuation.

5. The Court finds that the degree, duration, and manner of confidentiality ordered herein are necessary to protect the interests at stake.

6. The information, documents, and things that are sealed by this Order shall be maintained under seal until further order of this Court.

7. It is further **ORDERED** that any information, documents, or things sealed by this Order may otherwise be disclosed only as follows:

    a. To any judge of this Court or court personnel for case-related reasons.

    b. To the President Judge of this Court or his or her designee.

    c. To the following specific individuals: counsel of record for the parties.

    d. By further Order of the Court.

8. It is further **ORDERED** that any information, documents, or things sealed pursuant to this order shall be disclosed only upon the entry of a further order by this Court.

9. It is further **ORDERED** that the Court's Prothonotary is hereby authorized to unseal any information, documents, or things sealed pursuant to this Order to the extent necessary to file, microfilm, image files, or transmit the record to an appellate tribunal, with all the sealed information, documents, or things to be resealed immediately upon completion of the necessary task.

BY THE COURT:

_____ J.
Michelle H Sibert

Distribution List:

Thomas G. Collins, Esquire, Sara E. Myirski, Esquire and Cheri A. Sparacino, Esquire,
Buchanan Ingersoll & Rooney PC, 400 N. Second Street, Suite 500, Harrisburg, PA 17101
*Attorneys for Plaintiffs*

Larry Weisberg, Esquire Weisberg Cummings, P.C., 2704 Commerce Drive, Suite B
Harrisburg, PA 17110
*Attorney for Defendant*