# In the United States District Court for the Middle District of Pennsylvania

| | |
|---|---|
| WEST SHORE HOME, LLC, *et al.*, | ) )  ) [ELECTRONICALLY FILED] |
| *Plaintiffs,* | ) ) ) Docket No. 22-204 |
| *vs.* | ) ) ) Judge Wilson |
| CRAIG CHAPPELL, | ) ) |
| *Defendant.* | ) |

## EXPEDITED MOTION TO APPOINT MEDIATOR OR SETTLEMENT OFFICER

Craig Chappell moves the Court to exercise its discretion to appoint a mediator or settlement officer pursuant to alternative dispute resolution provisions in Chapter VI of the Local Rules in an effort to resolve the request for a preliminary injunction of West Shore Home, LLC, and West Shore Homes Holding, Inc. ("West Shore").

1. On January 21, 2022, West Shore filed a complaint against Mr. Chappell (the "Complaint"). *See* Doc. 1, Ex. A1.

2. On February 11, 2022, Mr. Chappell timely removed the complaint to this Court. *See* Doc. 1.

3. Among other things, the complaint involves claims of violations of post-employment restrictive covenants in an employment agreement and separate incentive agreement and violations of trade-secret statutes under state and federal law.

4. On February 18, 2022, Mr. Chappell responded to the complaint by way of motion to dismiss. *See* Doc. 7.

5. Mr. Chappell's brief in support of his motion to dismiss is currently due March 11, 2022.

6. The Court scheduled a hearing on the request for a preliminary injunction for April 15, 2022, with briefing from Mr. Chappell due on or before March 25, 2022, and a reply brief from the plaintiffs on or before April 8, 2022.

7. In an effort to resolve the request for preliminary injunction, Mr. Chappell invited West Shore to propose a resolution. *See* Tab "A."

8. West Shore proposed a preliminary injunction by consent. *See* Tab "B."

9. In response, Mr. Chappell agreed to the restriction on working for competitors of West Shore located within 250 miles from any West Shore location existing as of the end of his agreement on October 6, 2021,

and added language that would allow Mr. Chappell to use his marketing skills and lead-generation skills that he had developed for more than 30 years prior to employment with West Shore.  *See* Tab "C."

10.   West Shore rejected those terms and indicated that it is unwilling to resolve its request for preliminary equitable relief for anything other than a total ban on Mr. Chappell working for any remodeling company in the door/window/bathtub space regardless of geographic location for two years after the date of the order. *See* Tab "D."

11.   In turn, Mr. Chappell explained his position that a total ban on Mr. Chappell working for any remodeling service in the door/window/bathtub space regardless of geographic location is unenforceable and asked that West Shore reconsider its position in an effort to resolve the preliminary injunction request. *See* Tab "E."

12.   West Shore responded with a proposed national ban on Mr. Chappell working in any capacity for any remodeling service in the door/window/bathtub space per a provision in a separate incentive agreement despite the 250-mile restriction in the employment agreement. *See* Tab "F."

13. Mr. Chappell replied that West Shore's request for a national ban is not a compromise and more restrictive than the employment agreement provides for, yet made other concessions in an effort to resolve the preliminary injunction request. *See* Tab "G."

14. Meanwhile, West Shore intends to pursue prehearing discovery and a hearing on its preliminary injunction request, *see* Doc. 13, despite Mr. Chappell having essentially agreed to the relief West Shore seeks if it prevailed on its preliminary injunction after a hearing.

15. Mr. Chappell is constrained to request the Court's assistance by asking for the appointment of a mediator or settlement officer to avoid the time, burden and expense of pre-hearing discovery and a hearing that in the end may be unnecessary.

16. The Court has the discretion to appoint a mediator or settlement officer if the Court determines a case is suitable for mediation or settlement.

17. "Every civil action filed in the Middle District of Pennsylvania is eligible for mediation except any case which the assigned judge determines, after application by any party or by the mediator, is not suitable for mediation." LR 16.8.4.

18. "Any time after an action or proceeding has been filed, the action may be referred to another judicial officer, including a magistrate judge, or to a neutral evaluator for the purpose of conducting a settlement conference(s)." LR 16.9.1.

19. This case is suitable for mediation or settlement.

20. The case is at the point where, despite the efforts of the parties' counsel, a mediator or settlement officer should help the parties resolve West Shore's request for a preliminary injunction and potentially the entire case.

21. Mr. Chappell has agreed to resolve the preliminary equitable relief sought by West Shore consistent with the 250-mile geographic limitation in West Shore's employment agreement that it seeks to enforce in this case as reflected in the attachments.

22. The parties are at an impasse in light of West Shore's position that the 250-mile limitation in the employment agreement may be expanded to a global or national ban on Mr. Chappell's employment per a separate incentive agreement provision that includes a worldwide ban.

23. Mr. Chappell believes the parties are closer to a resolution than not, and a neutral third party may help them resolve the impasse.

24. A mediator or settlement officer will also help the Court and parties avoid the time, expense, and burden of prehearing discovery and a hearing scheduled for April 15, 2022.

25. Counsel for Mr. Chappell has asked whether West Shore concurs with a motion to appoint a mediator or settlement officer but West Shore has not concurred in the motion as of the time of filing.[1]

26. Mr. Chappell requests expedited consideration of this motion given the current posture of the case.

---

[1] Mr. Chappell attaches draft documents and correspondence not for evidentiary purposes at a hearing or trial as prohibited by Rule 408 but offers them here solely for the purpose of supporting his request that the Court exercise its discretion to appoint a mediator to help resolve an impasse. *Cf.* F.R.C.P. 408 ("(a) Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority. (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.").

WHEREFORE, Mr. Chappell requests that the Court appoint a mediator or settlement officer to resolve the request for preliminary injunctive relief. A proposed form of order is attached. Mr. Chappell will file a supporting brief contemporaneously with this motion.

March 9, 2022                              Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Craig Chappell*

## CERTIFICATE OF CONCURRENCE

I hereby certify that I contacted counsel for the plaintiffs regarding this motion and the plaintiffs have not concurred as of the time of filing.

/s George A. Bibikos<br>
George A. Bibikos

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing electronically such that it will be served on counsel of record via ECF automatically.

/s George A. Bibikos
George A. Bibikos